FINKELSTEIN *v.* DEPARTMENT OF REVENUE.

1. ACTION—STATUTORY CAUSE OF ACTION—LIMITATION OF ACTIONS.
    Statutory conditions, including time limitation on right to recover, must be complied with where statute creates cause of action.

2. LIMITATION OF ACTIONS—COMMENCEMENT OF RUNNING.
    A cause or right of action arises the moment an action may be maintained to enforce it and the statute of limitations is then set in motion.

3. TAXATION—GENERAL SALES TAX—DEFICIENCY ASSESSMENT—LIMITATION OF ACTIONS.
    The department of revenue was barred from making an assessment for deficiency in remittance by taxpayer under the

general sales tax act, where the assessment was not made within three years from the date set for filing of the annual return, notwithstanding a notice of claim for deficiency and intention to levy an assessment was filed, taxpayer demanded a hearing and requested an adjournment before the expiration of the three-year period (Act No. 167, §§ 6, 7, 9, 22, Pub. Acts 1933, as amended by Act No. 313, Pub. Acts 1939; Act No. 122, § 9, Pub. Acts 1941).

4. SAME—GENERAL SALES TAX—LIMITATION OF ACTIONS—TOLLING STATUTE—DEMAND FOR HEARING ON DEFICIENCY ASSESSMENT.

A taxpayer's demand for a hearing and request for an adjournment thereof did not toll the running of the statutory limitation upon the right to recover a deficiency assessment under the general sales tax act (Act No. 167, §§ 6, 7, 9, 22, Pub. Acts 1933, as amended by Act No. 313, Pub. Acts 1939; Act No. 122, § 9, Pub. Acts 1941).

Appeal from Court of Claims; Miles (Fred T.), J., presiding. Submitted June 12, 1945. (Docket No. 21, Calendar No. 43,016.) Decided October 8, 1945.

Action by Dora Finkelstein, doing business as Pure Food Dairy, against Department of Revenue to recover sales tax paid under protest. Judgment for defendant. Plaintiff appeals. Reversed and remanded for entry of judgment for plaintiff.

*Arthur T. Iverson* and *Harold W. Davis*, for plaintiff.

*John R. Dethmers*, Attorney General, *Edmund E. Shepherd*, Solicitor General, and *Meredith H. Doyle*, Assistant Attorney General, for defendant.

SHARPE, J. This is an appeal by Dora Finkelstein, doing business as Pure Food Dairy, from a judgment of the court of claims of no cause of action for the recovery of certain sales tax moneys paid by her under protest.

Plaintiff, Dora Finkelstein, conducted a wholesale and retail grocery business in the city of Hamtramck. Under date of July 1, 1942, the department of revenue issued its notice of intention to make an assessment against plaintiff as provided in the general sales tax act, Act No. 167, § 22, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 3663-22, Stat. Ann. § 7.543). On July 16, 1942, plaintiff filed a protest and demanded a hearing. On August 5, 1942, the department of revenue set August 25, 1942, for such hearing. On August 19, 1942, plaintiff requested an adjournment of the hearing which was granted and the time fixed as September 11, 1942. At the hearing, plaintiff contended that the department of revenue was without legal authority to issue an assessment by reason of the provisions of section 9 of the above act, as amended by Act No. 313, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3663-9, Stat. Ann. 1944 Cum. Supp. § 7.530). On January 25, 1943, the department of revenue notified plaintiff that it had determined that she was indebted to the department in the sum of $3,374.89 for deficiency sales tax covering a period from, on and after July 1, 1938, to and including June 30, 1939, together with interest, making a total indebtedness of $4,601.27.

On August 14, 1944, plaintiff filed a petition with the court of claims, by virtue of Act No. 122, § 9, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 3695-9, Stat. Ann. 1944 Cum. Supp. § 7.657[9]), wherein she states that the department of revenue levied an assessment against her in the total sum of $4,601.27; that, subsequently, an appeal was taken to the State board of tax appeals which affirmed the assessment; and that on July 28, 1944, she paid the amount found due by the State board of tax appeals under protest. She alleges that the department of revenue was

without authority to levy and collect such assessment; that the amount of money so paid was not due and owing to the State of Michigan and could not have been legally collected by the department of revenue; that the department of revenue is not entitled to retain such money; and that she is entitled to recover said amount of money.

The circuit judge sitting as judge of the court of claims held that "notice of intent to make an assessment" is a conditional assessment and entered judgment in favor of defendant.

The principal question involved in this case is the right of defendant to levy the assessment on January 25, 1943. In coming to our conclusions we shall assume that the taxpayer made an annual return as is provided for in the act.

It is urged by the defendant that the assessment of a deficiency in the sales tax account of the taxpayer was actually made on July 1, 1942, when the department gave the taxpayer notice of its intention to levy such deficiency; that the word "assessed" in section 9 of the general sales tax act, as amended by Act No. 313, Pub. Acts 1939, should be construed with all other sections of the act; that the word "assessed" in section 9 refers to the initial administrative determination or finding of the amount of a sales tax deficiency made by the department upon examination of a taxpayer's returns; and that it is the legislative intent that the three-year prescriptive period in section 9 be tolled when the department first determines that a sales tax deficiency exists in the account of the taxpayer.

Section 9 of the general sales tax act, as amended, provides in part as follows:

"No deficiency, interest or penalty shall be assessed for any year after the expiration of 3 years from the date set for filing of the annual return for such year."

The time for filing the annual return as provided in section 7 of the act is "on or before thirty days after the end of the tax year."

Under the above act the taxpayer must make a monthly return on or before the 15th of the month succeeding the month in which the tax accrued, showing the amount of the tax for which he is liable (section 6, as amended by Act No. 313, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 3663-6, Stat. Ann. 1944 Cum. Supp. § 7.527]); and make an annual return 30 days after the end of the tax year and pay such balance, if any, as may be due (section 7 [Comp. Laws Supp. 1940, § 3663-7, Stat. Ann. § 7.528]).

Section 22 of the act provides that if the board after examining the return of the taxpayer determines that he is indebted to the State by reason of deficiency of the remittance it shall give the taxpayer notice of the intention to levy such deficiency; however, the taxpayer under this section has a right to a hearing and may contest the claimed deficiency. Section 9 of the act provides that an assessment shall not be made after the expiration of three years from the date set for the filing of the annual return. We note that the quoted portion of section 9 is a statute of limitations.

In *Bigelow* v. *Otis*, 267 Mich. 409, we said:

"The applicable rule is that, as the cause of action is created by statute, the statutory conditions, including the period of limitations, must be complied with. The limitation of time is a limitation on the right to recover."

See, also, *Summar* v. *Besser Manufacturing Co.*, 310 Mich. 347, and *Metzen* v. *Department of Revenue*, 310 Mich. 622.

In *Sweetser* v. *Fox,* 43 Utah, 40, 48 (134 Pac. 599, 47 L. R. A. [N. S.] 145, Ann. Cas. 1916 C, 620), the court said:

"It is a rule of universal application that a cause or right of action arises the moment an action may be maintained to enforce it and that the statute of limitations is then set in motion."

In the case at bar, the taxpayer became liable for any delinquent tax as of July 30, 1939, but before she could be assessed for such tax all requirements of section 22 must be complied with. Under the act the defendant had three years in which to make an assessment for deficiency, interest or penalty. The assessment was not made within this three-year period.

It is further urged that because the taxpayer demanded a hearing and later requested an adjournment, the running of the statute of limitations was tolled. We note that a notice of claim for deficiency and intention to levy an assessment was not sent to the taxpayer until July 1, 1942; that the taxpayer demanded a hearing on July 16, 1942, which was her privilege under section 22, and requested an adjournment of the hearing set for August 25, 1942, on August 19, 1942. In our opinion, such demand for a hearing and request for an adjournment did not toll the limitation provisions of section 9. See *Dahrooge* v. *Rochester German Insurance Co.,* 177 Mich. 442 (48 L. R. A. [N. S.] 506).

We conclude that under section 9 of the act, the department of revenue was barred from making the assessment subsequent to July 30, 1942. The judgment is reversed and the cause remanded to the court of claims for entry of judgment in favor

of plaintiff in the sum of $4,601.27 and interest from July 28, 1944. Plaintiff may recover costs.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred. The late Justice WIEST took no part in the decision of this case.