Charles C. GROVER, a minor, by his father and next friend Brent GROVER; Candy Grover; Robbie Grover; Adam Green, a minor, by Sheldon Green, his father and next friend; Linda Green; Sheldon Green, Plaintiffs–Appellees,

v.

ELI LILLY AND COMPANY, Defendant–Appellant.

No. 93–3520.

United States Court of Appeals, Sixth Circuit.

Argued May 5, 1994.

Decided Sept. 8, 1994.

Donald P. Traci (briefed), William Hawal (argued), Spangenberg, Shibley, Traci, Lancione & Liber, Cleveland, OH, for Charles C. Grover, Candy Grover and Robbie Grover, plaintiffs-appellees.

Robert A. Marcis, Spangenberg, Shibley, Traci, Lancione & Liber, Cleveland, OH, for Adam Green, Linda Green and Sheldon Green.

Marc L. Swartzbaugh (briefed), Jones, Day, Reavis & Pogue, Cleveland, OH, Andrew See (briefed), Mark C. Hegarty (ar-

gued), Shook, Hardy & Bacon, Kansas City, MO, for Eli Lilly and Co.

Before: NORRIS and DAUGHTREY, Circuit Judges; and GILMORE, Senior District Judge.*

ALAN E. NORRIS, Circuit Judge.

Defendant, Eli Lilly and Company, appeals the district court's grant of a voluntary dismissal without prejudice to plaintiffs. Because the district court abused its discretion by entering the dismissal without prejudice, we vacate the district court's order and remand for further proceedings.

## I.

In December 1983, Charles Grover, a minor, and his parents filed suit against defendant in the Ohio court of common pleas claiming that the company was negligent in marketing a defective prescription drug known as diethylstilbestrol ("DES"), which was ingested by Charles' maternal grandmother. Defendant invoked federal diversity jurisdiction and removed the case to federal district court the following month. The Grovers claimed that Charles was born with cerebral palsy as the result of birth defects to his mother's reproductive system. That, in turn, resulted from his grandmother's ingestion of DES while she was pregnant with Charles' mother.

In March 1988, defendant filed a motion for summary judgment on all counts of the complaint alleging injury to Charles, arguing that Ohio does not recognize a cause of action based upon preconception tortious conduct alleged to have resulted in birth defects to a child. On July 27, 1989, the Grovers asked the district court to certify to the Ohio Supreme Court the question of whether Ohio recognizes such a cause of action. Defendant opposed the motion on the ground that it was clear, under Ohio law, that no such cause of action existed.

On May 3, 1990, the district court certified the following question to the Ohio Supreme Court:

Does Ohio recognize a cause of action on behalf of a child born prematurely, and with severe birth defects, if it can be established that such injuries were proximately caused by defects in the child's mother's reproductive system, those defects in turn being proximately caused by the child's grandmother ingesting a defective drug (DES) during her pregnancy with the child's mother?

Both the district court and the Grover plaintiffs anticipated that an answer in defendant's favor would be dispositive of the case. On June 10, 1992, the Ohio Supreme Court held that the cause of action asserted on behalf of Charles does not exist under Ohio law: "A pharmaceutical company's liability for the distribution or manufacture of a defective prescription drug does not extend to persons who were never exposed to the drug, either directly or *in utero. Grover v. Eli Lilly & Co.*, 63 Ohio St.3d 756, 591 N.E.2d 696 (1992) (syllabus).[1] Relying upon this declaration of Ohio law, defendant filed a motion to dismiss the complaint with prejudice.

Adam Green, a minor, and his parents filed an almost identical lawsuit, using the same counsel, on February 24, 1988. Defendant filed a motion for summary judgment in this case as well. Discovery proceeded through September 1991 when the district court stayed the case pending resolution of the issue certified in the *Grover* case. Following the Ohio Supreme Court's decision in *Grover*, the Greens sought to dismiss their case without prejudice. Lilly responded with a motion to dismiss with prejudice or, in the alternative, a ruling on its summary judgment motion.

On March 31, 1993, the district court dismissed both cases without prejudice. The court noted that the Green plaintiffs requested the dismissal "in order to preserve their rights to bring an action within the appropri-

---

* The Honorable Horace W. Gilmore, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

1. In Ohio Supreme Court opinions, the syllabus contains the law of the case. *State ex rel. Donahey v. Edmondson*, 89 Ohio St. 93, 107–08, 105 N.E. 269, 273 (1913).

ate statutory period should the Ohio Legislature or the Ohio Supreme Court, at some point in the future, allow a child's claim for injuries sustained as a result of the maternal grandmother's ingestion of DES,"[2] and concluded that, "[g]iven the status of Ohio law as manifested in the majority and dissenting opinions of the Ohio Supreme Court, plaintiffs should not be precluded from availing themselves of other procedural alternatives."

## II.

■■ Defendant contends that the district court abused its discretion by ordering the cases dismissed without prejudice. Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a), the relevant portion of which follows:

**Rule 41.  Dismissal of Actions**

**(a) Voluntary  Dismissal:  Effect Thereof.**

*(1) By Plaintiff; by Stipulation.*  . . . [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.  Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice. . . .

*(2) By Order of Court.*  Except as provided in paragraph (1) . . . an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . .  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court.  *Banque de Depots v. National Bank of Detroit,* 491 F.2d 753, 757 (6th Cir.1974).  The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment.  *Ikos-*

*pentakis v. Thalassic S.S. Agency,* 915 F.2d 176, 177 (5th Cir.1990).  Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit.  *Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212, 217, 67 S.Ct. 752, 755, 91 L.Ed. 849 (1947); *Kovalic v. DEC Int'l, Inc.,* 855 F.2d 471, 473 (7th Cir.1988).

■ ■  In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.  *Kovalic,* 855 F.2d at 474 (citing *Pace v. Southern Express Co.,* 409 F.2d 331, 334 (7th Cir.1969)).  Under the circumstances of this case, these factors weigh in on defendant's side of the controversy.  This, coupled with the certification of a dispositive question of Ohio law to the Ohio Supreme Court, and then virtual disregard of the answer received, convinces us that the district court abused its discretion in dismissing the lawsuits without prejudice.

The Grover lawsuit was initiated in December 1983.  After litigating the case for five years, the Grover plaintiffs requested the certification of the question of whether their cause of action exists, assuring the district court that "the resolution of this issue of law will be determinative of this cause."  Defendant resisted certification, but was then forced to invest more time and money presenting the legal issue to the Ohio Supreme Court.  In view of the extra delay and expense experienced by defendant, and plaintiffs' defeat on the "determinative" legal issue certified to the Ohio Supreme Court, the district court's order manifestly burdened defendant with clear legal prejudice.

By the same token, the district court abused its discretion by granting the voluntary dismissal without prejudice to the Green plaintiffs.  That lawsuit had also been in

---

**2.**  Charles Grover will turn 18 on November 22, 1999, and Adam Green on July 20, 2000.  At that time, the two-year statute of limitations will begin running as to each plaintiff.

litigation for a considerable time before the motion to voluntarily dismiss without prejudice was filed. The Ohio Supreme Court's answer to the certified question also established that Adam Green had no cause of action for the injuries he was alleged to have suffered as a result of his grandmother's use of DES.

At the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice. *See Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir.1984) ("If defendant has already won its case, reimbursement of fees and expenses cannot make it whole from the injury of being sued again, perhaps this time to lose."); *see also Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir.1989) (loss of absolute legal defense, here statute of limitations, plain legal prejudice); *Ikospentakis*, 915 F.2d at 176 (loss of forum non conveniens defense plain legal prejudice).

### III.

■ We are particularly troubled by the manner in which the district court utilized the certification process. In its request for certification of the preconception tort issue, the district court assumed that an answer in favor of defendant would be determinative of the lawsuit. When the issue was decided adversely to plaintiffs, the district court ignored the binding effect of the Ohio Supreme Court's majority opinion in *Grover*, apparently concluding that the 4–3 split on the Court heralded the possibility that Ohio law could change in the future, and that plaintiffs should be able to take advantage of any such change.

■■ A district court sitting in diversity is required to apply the law of the appropriate state as it has been determined by the highest court of that state. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Permission to certify questions of state law has been graciously extended by the highest courts of all the states in our circuit. Certification has proved to be an important tool for federal courts sitting in diversity, since it frees them from having to speculate how state courts will decide important questions of state law. A federal court that certifies a question of state law should not be free to treat the answer as merely advisory unless the state court specifically contemplates that result. *Cf. Sifers v. General Marine Catering Co.*, 892 F.2d 386, 391 (5th Cir.1990) (holding parties are bound by an answer to a certified question because it is the law of the case). When a state supreme court accepts a certified question, it voluntarily undertakes a substantial burden and its resolution of the issue must not be disregarded.

In Ohio, the certification process was implemented by rules of the Ohio Supreme Court. That court may not render advisory opinions. *Travis v. P.U.C.O.*, 123 Ohio St. 355, 175 N.E. 586 (1931) (syllabus). Certification serves to preserve the state's sovereignty by ensuring that federal courts correctly apply the law of Ohio. *Scott v. Bank One Trust Co., N.A.*, 62 Ohio St.3d 39, 42, 577 N.E.2d 1077 (1991). That state interest in protecting sovereignty would be undermined were federal courts to ignore declarations of state law obtained through certification. Because federal courts also have a vital interest in certification, we must be mindful that its viability requires that federal courts act to maintain the integrity of the process.

Having represented to the Ohio Supreme Court that its answer would be dispositive of the case, the district court was bound to follow state law as declared in the answer. Defendant was entitled to judgment on any claims based upon the cause of action disposed of by the Ohio Supreme Court.

### IV.

The order of the district court is **reversed** and the causes are **remanded** for the entry of orders consistent with this opinion.