Nicholas DULEY, Jr., Plaintiff–
Appellant,

v.

CITY OF STRUTHERS; Struthers City
Police Department, Defendants–
Appellees.

No. 02–3863.

United States Court of Appeals,
Sixth Circuit.

June 12, 2003.

Before KEITH, MOORE, and
GIBBONS, Circuit Judges.

*ORDER*

Nicholas Duley, Jr., proceeding through counsel, appeals a magistrate judge's judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983 and Ohio law. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

On October 20, 2000, Duley filed a complaint, through counsel, against the City of Struthers, Ohio ("City"), the Struthers Police Department ("SPD"), and SPD "Officers Does 1 to 5." Duley alleged that on October 27, 1999, he was involved in a motor vehicle accident when the vehicle he was driving struck a parked vehicle owned by Rosie Billet. Because he "was under the impression that his life was in danger," Duley fled the scene of the accident. When Duley was discovered by SPD officers, he was arrested and detained in a jail cell at the SPD. During his incarceration, Duley alleged that SPD officers allowed Billet into his detention cell and, together, the SPD officers and Billet "proceeded to berate and belittle" him. Thereafter, Duley alleged that he "attempted to commit suicide by hanging himself," was discover-

ed by SPD officers, and "removed from the hanging apparatus." According to Duley, he received no medical attention following his suicide attempt and was placed back into the same detention cell where he "attempted to hang himself once more." When SPD officers discovered him, Duley alleged that he was "removed from the [hanging] device" and transported to a hospital.

Relying upon the Eighth and Fourteenth Amendments, Duley alleged that the defendants subjected him to cruel and unusual punishment, were deliberately indifferent to his medical needs, and deprived him of medical care. Duley alleged that the City "had a policy or custom that deprived [him] of his constitutional rights" and that the City "did not properly train [its] employees." In addition, Duley raised state law claims for invasion of privacy and intentional infliction of emotional distress. Duley sought monetary relief.

The parties consented to have a magistrate judge exercise jurisdiction over the action pursuant to the provisions of 28 U.S.C. § 636(c). The defendants filed a motion for summary judgment, to which Duley responded. Duley subsequently filed a motion for voluntary dismissal, which the magistrate judge denied. The magistrate judge dismissed Duley's action against the five SPD Officer Doe defendants because Duley never amended his complaint to identify them, granted the remaining municipal defendants' motion for summary judgment, and dismissed the case. Duley has filed a timely appeal.

We review de novo the magistrate judge's grant of summary judgment. *Kincaid v. Gibson,* 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(c)).

Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 442 (6th Cir.2000). Moreover, a city or other governmental entity cannot be held responsible under § 1983 for injuries inflicted by its employees or agents merely because it employs the wrongdoer. *Monell,* 436 U.S. at 691, 98 S.Ct. 2018; *Stemler v. City of Florence,* 126 F.3d 856, 865 (6th Cir.1997). The theory of respondeat superior simply cannot provide the basis for liability in § 1983 actions. *Monell,* 436 U.S. at 691, 98 S.Ct. 2018.

Upon review, we conclude that the magistrate judge properly granted summary judgment in favor of the City. Duley presented no evidence that the City operated pursuant to an unconstitutional policy or custom requiring its police officers to violate the constitutional rights of its citizens. Duley also failed to present any evidence that the City's police officers were not properly trained. Furthermore, even if the police officers did violate Duley's constitutional rights, the City cannot be held responsible for their conduct under § 1983 simply because the City employed them. *See Monell,* 436 U.S. at 691, 98 S.Ct. 2018; *Stemler,* 126 F.3d at 865.

We further conclude that the magistrate judge did not abuse his discretion when denying Duley's motion for voluntary dismissal without prejudice. *See United States v. One Tract of Real Prop.,* 95 F.3d 422, 425 (6th Cir.1996) (setting forth standard of review for ruling on motion for voluntary dismissal). Since the City had already filed an answer and a dispositive motion, Duley was not entitled to relief under Fed.R.Civ.P. 41(a)(1), as properly

noted by the magistrate judge. Even if Duley's motion is construed as a motion for voluntary dismissal under Fed.R.Civ.P. 41(a)(2), he was not entitled to relief in light of the prejudice that the City would suffer in the event the case was dismissed without prejudice. *See Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir.1994).

Duley does not challenge the dismissal of the Doe defendants and his remaining state law claims for invasion of privacy and intentional infliction of emotional distress. Therefore, those claims have been waived and are not reviewable on appeal. *See Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir.1997); *Kocsis v. Multi–Care Mgmt., Inc.*, 97 F.3d 876, 881 (6th Cir. 1996); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991).

Accordingly, the magistrate judge's judgment is affirmed.