**DIRECTV, Plaintiff,**

v.

**Carol ZINK, Defendant.**

**No. CIV.03–70893.**

United States District Court, E.D. Michigan, Southern Division.

Sept. 23, 2004.

Norman C. Ankers, Bradley H. Darling, Honigman, Miller, Detroit, MI, for Plaintiff.

John T. Hermann, Berkley, MI, for Defendant.

## OPINION AND ORDER

FEIKENS, District Judge.

DirecTV brought suit alleging Defendant Carol Zink violated the Federal Communications Act of 1934 (47 U.S.C. § 605), the Electronic Communications Privacy Act (18 U.S.C. §§ 2510–2521), and Michigan common law by purchasing a device that allowed her to illegally modify DirecTV access cards so that she could and did watch satellite TV without paying for a subscription. Zink moved for a protective order to stop discovery in December, then filed a Motion for Summary Judgment in January that was accompanied by a Motion for Sanctions for filing and maintaining a frivolous cause of action in violation of Fed. R. of Civ. P. 11 and 28 U.S.C. § 1927. Plaintiff filed a Motion for Voluntary Dismissal in February, to which Defendant objects.

For the reasons below, I grant in part and deny in part Defendant's Motion for Summary Judgment, deny Defendant's Motion for Sanctions, find the Defendants Motion for a Protective Order moot, and grant Plaintiff's Motion for a Voluntary Dismissal.

## FACTUAL BACKGROUND

Zink subscribed to DirecTV from early 1998 until July of 2000. (Pl.'s Memo. Supp. Mt. for Voluntary Dismissal, Ex. 3.) In October of 2000, three months after Zink cancelled her service, an internet company named White Viper filled an order in her name for a "Viper Smart Card Reader/Writer" and shipped it to her home. (*Id.*, Ex. 1.) The reader/writer alters "smart cards." DirecTV uses "smart cards" as "keys"—when placed in receivers, a smart card "unlocks" those satellite TV signals for which the viewer has paid a subscription fee, while continuing to block access to those signals for which the viewer did not pay. A smart card reader/writer is analogous to a machine that shapes keys, in that it can be used legally to program smart cards (make keys) for a variety of security-related applications, but it can also be used illegally to alter a card (change a key to make it fit a new lock) in order to receive DirecTV without paying for it.

Zink says her nephew told her the reader/writer would allow her to watch DirecTV at her second home without constantly unhooking her receiver to take it with her when she traveled. (Pl.'s Memo. Supp. Mt. for Voluntary Dismissal, Ex. 2, Zink dep. 17, 21.) Once the reader/writer arrived, she says her nephew came over to hook it up, and when he explained how it worked, it "didn't sound legit to me," so she never used it. (Zink dep. 19.) She also said she destroyed the reader/writer

in the presence of a friend. (Zink dep. 39.) Zink could not explain why she had ordered a device to help her watch DirecTV three months after she had cancelled her DirecTV service. (Zink dep. 27.)

## ANALYSIS

██ In order to protect the nonmovant from legal prejudice, after a motion for summary judgment has been filed, a plaintiff must receive Court approval in order to dismiss the action. *Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994); Fed.R.Civ.P. 41(a)(1). There are four factors a court should consider when determining if a defendant will suffer legal prejudice: (1) the effort and expense a defendant has undertaken; (2) excessive delay on the part of a plaintiff; (3) insufficient explanation for the need to take a dismissal; and (4) whether a motion for summary judgment has been filed. *Grover, id.* Because I find the failure to decide the pending Motion for Summary Judgment could cause Defendant to suffer legal prejudice if a voluntary dismissal was granted, I will first decide Defendant's Motion for Summary Judgment, followed by Defendant's Motion for Sanctions and Defendant's Motion for a Protective Order. Finally, I will consider Plaintiff's Motion for a Voluntary Dismissal.

### I. Motion for Summary Judgment

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must view the evidence and any inferences drawn from the evidence in a light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted), *Redding v. St. Eward,* 241 F.3d 530, 532 (6th Cir.2001). The burden on the moving party is satisfied where there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

### A. Violation of the Federal Communications Act, 47 U.S.C. § 605(a)

██ § 605(a) bans "receiving", "assisting in receiving", or "intercepting" satellite transmissions without authorization from the sender. Defendant asks for summary judgment on the grounds that Plaintiff has failed to offer evidence of reception or assistance in reception of unauthorized satellite signals—in other words, has failed to offer evidence that Zink actually watched any DirecTV without authorization.

Here, I do not have to decide if such evidence is needed, because Plaintiff has offered evidence that Zink watched DirecTV illegally. Zink has not alleged that she purchased the machine for any use but watching DirecTV. The three-month gap between Defendant's cancellation of her DirecTV subscription and her purchase of the Reader/Writer calls into question the rest of Zink's explanation. If Zink ordered the device for the admitted purpose of watching DirecTV after she terminated the contract that allowed her to watch DirecTV legally, I believe a reasonable jury could infer that she did watch DirecTV illegally. Therefore, I believe there is enough evidence to create a question of material fact on this claim, and summary judgment must be denied.

### B. Unauthorized Interception in Violation of the Electronics Communication Privacy Act, 18 U.S.C. § 2511(1)(a)

██ Defendant claims that because § 2511 is a criminal statute, Plaintiff fails

to state a claim for which relief can be granted on this count. However, I find persuasive a large number of opinions that hold that 18 U.S.C. § 2520(a) provides a private right of action for these violations. *See, e.g., DIRECTV v. Barnes,* 302 F.Supp.2d 774 (W.D.Mich.2004); *DIRECTV v. Cavanaugh,* 321 F.Supp.2d 825 (E.D.Mich.2003).

■ Given that there is a private right of action, the next question is whether Plaintiff has to offer evidence that Defendant did receive (i.e., watch) the DirecTV programs without paying for them. Again, even if such evidence is necessary, DirecTV has satisfied its burden. Therefore, the same assumptions in favor of the non-moving party that allowed the § 605(a) claim to survive summary judgment would apply here and summary judgment cannot be granted on this claim.

## C. Possession of a Pirate Access Device in Violation of the Electronics Communication Privacy Act, 18 U.S.C. § 2511(1)(b)

■ Although the listed claim is § 2511(1)(b), Plaintiff's Complaint actually discusses 18 U.S.C. § 2512(1)(b), so I will analyze this count under § 2512(1)(b). *See DIRECTV v. Barnes,* 302 F.Supp.2d 774, 778 n. 2 (W.D.Mich.2004). There is some split within the courts about whether Congress created a private right of action for violations of this provision. Judge Battani explored both sides of the issue thoroughly in her opinion in *DIRECTV v. Cavanaugh,* and held, as did the Fourth Circuit, that there was no such private action. 321 F.Supp.2d 825 (E.D.Mich.2003), citing *Flowers v. Tandy Corp.,* 773 F.2d 585, 589 (4th Cir.1985). I find this reasoning persuasive. Therefore, I GRANT the motion for summary judgment for this count.

## D. Conversion

■ Defendant alleges there is no evidence to show that she converted the property of DirecTV because there is no evidence showing that she actually watched the TV programs. As discussed above under the § 605(a) claim analysis, there is enough circumstantial evidence to support the inference that Defendant did watch DirecTV illegally. Therefore, even if such evidence is required, there is enough evidence to support a claim of conversion and deny summary judgment on this claim.

## II. III. Motion for Sanctions under Rule 11 and § 1927

### A. Rule 11

■ Rule 11 sanctions are designed to combat the signing of frivolous pleadings or other papers. *See, e.g., In re Ruben,* 825 F.2d 977, 984 (6th Cir.1987). They are appropriate when the claims are presented for improper purposes, unwarranted under existing law or a good faith argument to alter the law, or do not have evidentiary support after a reasonable Defendant's counterclaim for abuse of process in this case found that Plaintiff's claims were not presented for improper purposes or unwarranted under existing law. Therefore, the motion for Rule 11 sanctions must rest on the argument that following discovery, Plaintiff found its allegations did not have evidentiary support.

As discussed above, the argument that defendant Zink's deposition removed evidentiary support for Plaintiff's claim is simply false. Notably, the fact that Zink admitted she ordered a device for the purpose of accessing DirecTV several months after she had cancelled her subscription allows an inference that she intended to steal DirecTV and did so. Plaintiff's decision to oppose the cessation of discovery, summary judgment, and the motion for sanctions was not unreasonable. Similar-

ly, the filing of the motion to voluntarily dismiss the case is also reasonable. Therefore, sanctions are inappropriate under Rule 11.

### B. 28 U.S.C. § 1927

■ The Sixth Circuit has held § 1927 sanctions are designed to punish the "unreasonable and vexatious multiplication" of proceedings, even if that impropriety was not conscious or in " 'bad faith.' " *Jones v. Continental Corp.,* 789 F.2d 1225, 1230 (6th Cir.1986). "[W]hen an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims," § 1927 sanctions may be properly imposed. *Id.* Specific factual findings must be made in support of sanctions, including a finding that the sanctioned party's actions caused additional expense to the opposing party. *In re Ruben,* 825 F.2d 977, 984 (6th Cir.1987).

As discussed above in the sections on Rule 11 sanctions and summary judgment, the claims being pursued were not frivolous, and even following Zink's deposition, it was reasonable to wish to continue to pursue the claim. Therefore, any expense that Zink has incurred after that date is not due to wrongdoing on behalf of Plaintiff, and granting sanctions under 28 U.S.C. § 1927 would be inappropriate.

Since sanctions are not warranted under either Rule 11 or 28 U.S.C. § 1927, I deny the Motion for Sanctions.

### IV. Motion for a Protective Order to Stop Discovery

Since Plaintiff has filed a motion to voluntarily dismiss this case, I deny Defendant's Motion for a Protective Order to Stop Discovery because it is moot.

### V. Motion for a Voluntary Dismissal

■ Plaintiff moves for a voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(2), which is required when a Motion for Summary Judgment has been filed by the opposing party. *See* Fed.R.Civ.P. 41(a)(1). Rule 41(a)(2) and (d) provide that unless otherwise stated, such a dismissal will be without prejudice, but if Plaintiff chooses to sue Defendant again based upon the same claims, the court can require Plaintiff to pay the costs of the previously dismissed action.

■ The decision to allow a voluntary dismissal is only improper if a defendant will suffer "plain legal prejudice" (as opposed to the mere prospect of second lawsuit) as a result. *Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212, 217, 67 S.Ct. 752, 91 L.Ed. 849 (1947), *cited approvingly by Grover by Grover v. Eli Lilly Co.,* 33 F.3d 716, 718 (6th Cir.1994). The Sixth Circuit has identified four factors to determine whether plain legal prejudice will result: (1) a defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of a plaintiff in prosecuting the action, (3) insufficient explanation for the need to take a dismissal; and (4) whether a defendant has filed a motion for summary judgment. 33 F.3d 716, 718.

Defendant's brief in opposition has a sentence summing up her argument that the above factors weigh against allowing the dismissal:

"After nearly 12 months of refusing to accept Ms. Zink's explanation, refusing to respond to Defendant's Document Requests, refusing to respond to interrogatory answers, refusing to produce a single witness including a corporate representative for depositions, [and] failing to present any evidence to support its claims of signal theft[,] Plaintiff is now seeking to avoid an adverse adjudication

through procedural manipulation." Def.'s Br. at 8.

I note that Defendant did not make any discovery motions (such as a motion to compel) in this case. Moreover, Defendant filed nine counterclaims, all of which were dismissed and most of which Defendant declined to pursue, in the 12–month time period of which she complains. Thus, some of Defendant's efforts in this case were not put forth in mere defense or preparation for trial, but in support of her own counterclaims. Due to those facts, I think it would be inappropriate to rule that Plaintiff was the cause of excessive delay or lack of diligence.

Defendant does not challenge the explanation provided by Plaintiff about the need for a dismissal. Plaintiff's support for the motion is sufficient, since Plaintiff states that Ms. Zink's deposition has led it to believe Defendant's nephew is the true wrongdoer here. (Pl.'s Br. in Supp. of Mt. for Voluntary Dismissal, 5.)

Finally, Defendant has filed a motion for summary judgment, so this factor weighs strongly in her favor and against a dismissal without prejudice or costs. Since I have now decided that motion, and therefore removed that factor weighing in Defendant's favor, I GRANT the motion for a voluntary dismissal under Rule 42(a)(2).

## CONCLUSION

I GRANT in part and DENY in part Defendant's Motion for Summary Judgment. I DENY Defendant's Motion for Sanctions and Motion for a Protective Order. I GRANT Plaintiff's Motion for a Voluntary Dismissal.

**IT IS SO ORDERED.**