**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0227n.06

No. 12-1793

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MICHAEL SHAVERS, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | *Mar 05, 2013* |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | |
| DAVID BERGH, Warden - sued in his | ) | |
| personal capacity; L. RAPELJE, Deputy | ) | ON APPEAL FROM THE UNITED |
| Warden - sued in his personal capacity, | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| Defendants, | ) | MICHIGAN |
| | ) | |
| and | ) | |
| | ) | |
| UNKNOWN STASEWICH; UNKNOWN | ) | |
| ENTERLINE, Correctional Officers - in their | ) | |
| personal capacity, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before:  MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM.  Michael Shavers, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983.

In 2007, Shavers filed a complaint against David Bergh, Warden of the Alger Maximum Correctional Facility; L. Rapelje, Deputy Warden of the Alger Maximum Correctional Facility; and Alger Maximum Correctional Facility Resident Unit Officers Stasewich and Enterline.  He alleged

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

that Stasewich subjected him to excessive force; that Enterline witnessed the incident, but failed to intervene and stop the use of force; and that Bergh and Rapelje failed to protect him from Stasewich and Enterline, and failed to discipline them for their improper conduct. The district court dismissed Shavers's claims against Bergh and Rapelje for failure to state a claim upon which relief may be granted and granted summary judgment in favor of Statewich and Enterline. We reversed the dismissal of Shavers's claims against Stasewich and Enterline and remanded the case for further proceedings. *Shavers v. Bergh*, No. 09-2475 (6th Cir. July 15, 2011) (unpublished).

Upon remand, the case was scheduled for a jury trial on May 21, 2012. Six days before the scheduled trial, Shavers filed a motion to continue the trial for medical reasons. A magistrate judge granted the motion, continuing the case to June 11, 2012. At the final pre-trial conference on June 6, 2012, Shavers orally sought to continue the trial for medical reasons. The district court denied his motion. On June 11, 2012, the day scheduled for trial, Shavers again moved for a continuance of the trial for medical reasons. The district court denied Shavers's motion and dismissed the case with prejudice. Shavers filed a timely appeal. He has filed a motion for "expedited consideration."

Shavers argues that the district court dismissed his case without citation to, reference to, or invocation of "any specific authority for [its] action." Shavers is correct. However, in light of the final pre-trial conference minutes, which indicate that an "[o]rder dismissing for lack of prosecution [is] to be entered by the Court," and the context of the district court's memorandum discussing the reasons for the dismissal of the case, the dismissal of Shavers's complaint was pursuant to Federal Rule of Civil Procedure 41(b).

We review the district court's decision for an abuse of discretion. *Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or uses an erroneous legal standard." *Schafer*, 529 F.3d at 736 (internal quotation marks and citation omitted).

Rule 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed "to prosecute or to comply with these rules or a court order." The rule allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties. *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). When determining whether dismissal for failure to prosecute was an appropriate exercise of discretion, a reviewing court should consider:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer*, 529 F.3d at 737 (citation omitted). Dismissal "is a harsh sanction which the court should order only in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff." *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991) (internal quotation marks and citation omitted). Yet, "[w]here a plaintiff . . . is inexcusably unprepared to prosecute the case, Rule 41(b) dismissal is particularly appropriate." *Knoll*, 176 F.3d at 364.

The district court did not abuse its discretion when it dismissed Shavers's case for failure to prosecute. The record indicates that Shavers's failure to proceed to trial on the scheduled date was due to his own willfulness, bad faith, or fault. Willfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences "either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Schafer*, 529 F.3d at 737 (internal quotation marks and citation omitted). The district court found that the magistrate judge had granted one continuance for Shavers based upon his asserted medical reasons, that Shavers provided no supporting medical documentation for his asserted medical reasons that prevented him from proceeding to trial, that a "jury, witnesses, and the parties, including the plaintiff," were present at the courthouse on the day set for trial, and that despite an asserted "'spinal chord' injury and his 'mental health,'" Shavers walked into and out of "the courtroom without apparent discomfort," did not seem to have any trouble "talking to anyone who would listen," and "made his arguments to the

Court for a period of more [than] thirty minutes, without difficulty." Shavers's deliberate failure to proceed to trial and to diligently prosecute his case despite his apparent ability to ambulate and speak without difficulty caused undue delay and evidences "a reckless disregard for the effect of his conduct" on the case. *See Schafer*, 529 F.3d at 737 (internal quotation marks and citation omitted). Moreover, there is no indication in the record that the district court would not have accommodated a request by Shavers to sit during the trial if he could not stand or walk.

The defendants have arguably been prejudiced by Shavers's failure to prosecute his case by proceeding to trial on the scheduled date. "[A] defendant is prejudiced by the plaintiff's conduct where the defendant waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Schafer*, 529 F.3d at 737 (internal quotation marks and citation omitted). The defendants necessarily expended considerable time and resources defending Shavers's action by conducting discovery, filing and responding to motions, and preparing for trial. This case has been pending since 2007, it had been continued once after remand, and Shavers's unpreparedness and dilatory conduct prejudiced the defendants' pursuit of this case to resolution.

Prior to the judgment of dismissal, the district court did not warn Shavers that his failure to proceed to trial on the continued date could result in the dismissal of his case. Nevertheless, the court's failure to warn is not controlling in this case. "[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so . . . ." *Link*, 370 U.S. at 633. However, notice of contemplated dismissal is "a key consideration" for an appellate court reviewing the dismissal of a case for failure to prosecute. *Schafer*, 529 F.3d at 737 (internal quotation marks and citation omitted). "[I]n the absence of notice that dismissal is contemplated a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.'" *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

Shavers's conduct supports dismissal of his case for failure to prosecute. The district court put Shavers on notice that he was obligated to support his inability to proceed to trial based on

medical reasons with documentation and that his failure to do so could adversely affect his case. In response to Shavers's oral motion for a continuance at the final pre-trial conference, the district court entered an order denying a continuance, specifically noting that the "case has been continued at least once before due to similar reasons asserted by [Shavers]" but he "has furnished no medical justification for a continuance" and "[i]t is now time to bring this case to a conclusion." Nevertheless, Shavers orally sought an additional continuance on the day of trial without any medical documentation to support his claimed medical need for another continuance. Shavers's conduct appears to be the result of bad faith, inexcusable unpreparation, and "a reckless disregard for the effect" that his conduct would have on his case. *Schafer*, 529 F.3d at 737 (internal quotation marks and citation omitted).

The record does not indicate whether sanctions short of dismissal were considered by the district court prior to the dismissal of Shavers's case. However, this Court neither requires "the district court to incant a litany of the available lesser sanctions," nor assumes "that lesser sanctions were not considered simply because their consideration is not articulated." *Harmon*, 110 F.3d at 368. In any event, because Shavers is an indigent prisoner, it is likely that a financial sanction would have had no practical deterrent effect.

In his appellate brief, Shavers challenges the denial of his motion for appointment of counsel. We review a district court "order denying appointment of counsel" for an "abuse of discretion." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). "Appointment of counsel in a civil case is not a constitutional right" but "a privilege that is justified only by exceptional circumstances." *Id.* at 605-06 (citations omitted). When evaluating whether appointment of counsel is warranted, courts generally examine the nature of the case, the plaintiff's ability to prosecute the case in a pro se capacity, and the "complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citation omitted).

Here, the magistrate judge appropriately considered whether exceptional circumstances warranted the appointment of counsel in this case and determined that they did not. The district court reviewed the magistrate judge's order and agreed with the magistrate judge's decision to deny appointment of counsel. This case presented non-complex issues and Shavers demonstrated his ability to handle the case in a pro se capacity throughout the proceedings below. Appointment of counsel was not required.

Shavers also argues that the district court erroneously denied his motions for a free copy of the final pretrial conference transcript. The district court denied Shavers's motions because he had not "been granted leave to appeal *in forma pauperis*" and because the district court found "that an appeal in this case would not be taken in good faith." Since then, the district court has granted Shavers leave to proceed in forma pauperis on appeal.

A person proceeding in forma pauperis is entitled to transcripts at government expense "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). Although the district court granted Shavers pauper status for appeal, it did not certify that the appeal is not frivolous or presents a substantial question. *See Moss v. Thomas*, 299 F.2d 729, 729–30 (6th Cir. 1962). Shavers's motions for free transcripts were properly denied.

We affirm the district court's judgment.