NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0061n.06

No. 19-3420

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 28, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CAROLYN COULTAS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| CARLISLE BRAKE & FRICTION, INC., | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellee. | ) | |
| | ) | |

Before: GILMAN, McKEAGUE, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Carolyn Coultas sued her former employer, Carlisle Brake & Friction, asserting claims under the Employee Retirement and Income Security Act and various state-law causes of action. Coultas prevailed on the ERISA claim, but the district court dismissed her state-law ones. She now challenges both the dismissal of those claims and three aspects of the court's judgment in her favor on the ERISA claim. We reject her arguments and affirm.

I.

Coultas began working at Wellman Products Group in 1999. In 2006, during a random drug test, she tested positive for marijuana. Wellman warned Coultas that, under its drug policy, she would be fired if she tested positive again. Three years later, Carlisle acquired Wellman—making Coultas Carlisle's employee—and adopted, for all relevant purposes, the same drug policy.

Coultas tested positive for marijuana again in 2016, when she was 58 years old. Carlisle fired her and invited her to collect her belongings, which she declined to do at that time. In the following weeks, Coultas called and emailed Carlisle several times to arrange a time to collect her things. By the time Carlisle arranged for Coultas to do that—six weeks after her first request— her things were gone. Thereafter, Carlisle replaced Coultas with a younger employee.

Meanwhile, Coultas thought that she had lost access to Carlisle's health-insurance plan as a result of her termination. But ERISA requires employers (like Carlisle) to allow a fired employee (like Coultas) to remain on the employer's health-insurance plan at her own cost. *See* 29 U.S.C. § 1161(a). Due to a processing error, however, Carlisle failed to notify Coultas of her continuing access to its health-insurance plan. As a result, Coultas rationed her blood-pressure medicine and, when she later developed depression, she did not seek treatment.

Coultas thereafter filed this suit in state court, which Carlisle removed to federal court. Coultas later moved to add a claim of sex discrimination to her complaint, but that motion came four months after the district court's deadline for such motions. The district court therefore denied the motion. Carlisle later moved for summary judgment, which the court granted on the state-law claims but denied on the ERISA claim. The court then held a two-day bench trial on the ERISA claim and awarded Coultas $14,620 in damages. The court later held a second bench trial as to fees and costs, after which it awarded Coultas another $37,534. This appeal followed.

II.

A.

We review de novo the district court's grant of summary judgment on Coultas's state-law claims. *Rogers v. Henry Ford Health Sys.*, 897 F.3d 763, 771 (6th Cir. 2018). To proceed with her claim of age discrimination, Coultas needed to present evidence creating a genuine dispute as

to (among other things) whether Carlisle's reason for firing her was pretextual. *See Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 284 (6th Cir. 2013). That reason, Carlisle says, was that Coultas failed a second drug test. Carlisle also points out that Wellman warned Coultas that she would be fired if she failed a second drug test, and that Carlisle's policy called for her termination once she did. Coultas responds that the 2006 drug test was at Wellman and thus, she thinks, it should not have affected her employment at Carlisle. But Coultas worked for Carlisle precisely because Carlisle had acquired Wellman; and Coultas retained the same position, seniority, wages, accumulated vacation time, and supervisor she had there. Carlisle's treatment of her failed drug test is no different from its treatment of those other parts of her personnel file. That Coultas's first failed drug test came at Wellman, therefore, did not support an inference that the stated reason for her termination was pretextual. Thus her argument fails.

Coultas also challenges the district court's grant of summary judgment as to her conversion claim. To prevail on that claim, Coultas was required to show that Carlisle dispossessed Coultas of her property wrongfully. *See Joyce v. Gen. Motors Corp.*, 551 N.E.2d 172, 175 (Ohio 1990). Coultas says that she presented evidence to that effect because Carlisle took too long to grant her access to the locker. But Coultas overlooks that Carlisle did invite her to retrieve her property on the day it fired her. Coultas chose not to retrieve her property that day, and instead left it in an unsecured locker. She therefore cannot prove that Carlisle caused her loss, which means the district court was correct to grant summary judgment on the conversion claim.

Coultas also argues that the district court's dismissal of her state-law claims should have been without prejudice, apparently so that she could litigate them in state court. That argument is meritless, however, because she has already litigated them in federal court. *See Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718–19 (6th Cir. 1994).

B.

Coultas argues that the district court abused its discretion when it denied her motion for leave to amend her complaint. *See generally Crawford v. U.S. Dep't of Treasury*, 868 F.3d 438, 461 (6th Cir. 2017). The district court denied that motion because Coultas filed it four months after the court's deadline for such motions. Coultas says that she missed the deadline because Carlisle took too long to respond to her discovery requests. But the information that Coultas describes as newly discovered was produced by Carlisle before the court's filing deadline. And the facts in Coultas's amended complaint were identical to those in her original one. Thus, the district court was well within its discretion to deny her motion.

C.

Coultas challenges three aspects of the district court's judgment in her favor on the ERISA claim. We review all three for an abuse of discretion. *See Shelby Cty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 376 (6th Cir. 2009). First, Coultas argues that the court should have ordered Carlisle to pay her expert. When a defendant deposes a plaintiff's expert witness, the defendant is required to pay for the witness's time "unless manifest injustice would result." Fed. R. Civ. P. 26(b)(4)(E). Here, before the bench trial for attorney's fees, Coultas identified Edward Rausch as a putative expert witness to testify as to the reasonableness of her fee request. Carlisle therefore deposed him. *See* Fed. R. Civ. P. 26(b)(4)(A). Coultas now says Carlisle should pay his fee for doing so. Through no fault of Carlisle, however, Rausch did not in fact testify at trial. The district court therefore treated Rausch as a consultant rather than a testifying expert, and thus declined to order Carlisle to pay his fees. The district court did not abuse its discretion in doing so.

Second, Coultas argues that the district court abused its discretion when it did not specify what portion of the fee award, if any, was based on what she calls "hard costs"—meaning services like printing and transcription. But she cites no authority for the proposition that the court must break out its fee award in this manner. Moreover, the district court expressly considered Coultas's costs in determining the amount of the award. *See* Order, April 4, 2019, R. 134 at PageID 3785 n.1. We therefore reject her argument.

Finally, Coultas argues that the district court abused its discretion when it denied her request for prejudgment interest. Specifically, more than two months after the court awarded Coultas attorney's fees, she requested $868.47 in prejudgment interest and $199.72 in postjudgment interest with respect to her ERISA damages. The court granted only the request for postjudgment interest.

ERISA leaves to the district court's discretion the decision whether to grant prejudgment interest. *See Hi-Lex Controls, Inc. v. Blue Cross Blue Shield*, 751 F.3d 740, 751 (6th Cir. 2014). Suffice it to say that Coultas has not shown any abuse of discretion here.

\*    \*    \*

The district court's judgment is affirmed.