NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0136n.06

**No. 19-2058**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| ESTATE OF JACOB CHUBB; BETH ANN CHUBB; ENDELIA MARGARET ALEXANDRA CHUBB, | ) ) ) ) ) | **FILED** Mar 15, 2021 DEBORAH S. HUNT, Clerk |
| Plaintiffs-Appellees, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) ) | |
| DAIMLER TRUCKS NORTH AMERICA LLC, | ) ) ) | OPINION |
| Defendant-Appellant. | ) ) ) | |

BEFORE:    BOGGS, STRANCH, and THAPAR, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.**  The Estate of Jacob Chubb and Endelia Chubb, Mr. Chubb's widow, brought a wrongful death action in Michigan against Daimler Trucks North America, LLC.  The district court dismissed the action without prejudice after learning that the Estate lacked legal capacity at the time it sued.  Daimler appealed the dismissal, contending that the case must be dismissed on the merits and with prejudice.  For the reasons stated below, we **VACATE** the order and **REMAND** for the district court to address its order of dismissal under Rule 41, Federal Rules of Civil Procedure.

## I.  BACKGROUND

Jacob Chubb died in a single-vehicle truck accident on March 13, 2015.  The Monroe County Probate Court appointed Beth Ann Chubb, the decedent's mother, as the personal representative of Jacob Chubb's Estate.  On December 8, 2016, the Estate was notified of the

probate court's decision to close the Estate and terminate the personal representative's authority, but subsequently did not receive notice of the final closure. On February 10, 2017, the probate court administratively closed the Estate.

On March 13, 2018, the Estate filed a complaint alleging that defects in the truck manufactured by Daimler caused Mr. Chubb's death. Daimler moved to dismiss the case. When the district court heard oral argument on Daimler's motion, Plaintiffs' counsel disclosed that the Estate was administratively closed—having no legal existence—at the time the Estate filed the complaint. Referencing Rule 41, Plaintiffs' counsel asked the court to dismiss the matter without prejudice. Counsel represented that Beth Ann Chubb, the Estate's former personal representative, had suffered a nervous breakdown. Given the closure of the Estate as well as the termination of Ms. Chubb as personal representative and her mental incapacity, counsel expressed his intention to reopen the Estate with a different personal representative and file the same wrongful death claim.

The district court sua sponte dismissed the Estate's claims without prejudice on the ground that, "pursuant to Michigan law on standing, the [c]ourt has no jurisdiction over the matter and cannot reach the merits of the claim." The court further explained that another member of Mr. Chubb's family could bring a wrongful death claim "if pled properly though that personal representative." Finally, the court denied as moot both the Estate's voluntary motion to dismiss the action without prejudice and Daimler's merits-based motion to dismiss.

Daimler appeals the district court's dismissal without prejudice, arguing that the district court erred by holding it did not have jurisdiction because of Ms. Chubb's lack of statutory standing. It argues that the case should be dismissed with prejudice for failure to state a claim.

## II.   ANALYSIS

This appeal requires multiple standards of review. "A district court's decision to dismiss for lack of subject matter jurisdiction is subject to a de novo standard of review." *Loren v. Blue*

*Cross & Blue Shield of Mich.*, 505 F.3d 598, 604 (6th Cir. 2007). "We review the district court's application of state law in a diversity case de novo." *Kepley v. Lanz*, 715 F.3d 969, 972 (6th Cir. 2013). "A district court's decision to dismiss a claim with prejudice or without it receives abuse-of-discretion review." *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005).

Daimler first argues that the district court erred in dismissing the action for lack of subject matter jurisdiction. Subject matter jurisdiction refers to "the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Here, the court had jurisdiction over the underlying case because complete diversity of citizenship existed between the Plaintiffs and Daimler, and because the amount in controversy exceeded $75,000. *See* 28 U.S.C. § 1332(a).

We have also explained that plaintiffs pursuing a diversity action in federal court must have standing under both Article III and state law to maintain a cause of action. *El-Seblani v. IndyMac Mortg. Servs.,* 510 F. App'x 425, 428 (6th Cir. 2013). There is no serious dispute here that the Estate and Mrs. Chubb have constitutional standing to bring a wrongful death claim against Daimler. We turn to standing under Michigan law.

The watershed case for standing requirements in Michigan is *Lansing Schools Education Ass'n v. Lansing Board of Educ*ation, 792 N.W.2d 686 (Mich. 2010). Generally, Michigan's standing doctrine is prudential and a matter of judicial discretion. *Id.* at 699. Michigan courts have recognized that the state legislature may also statutorily define specific causes of action. *Teel v. Meredith*, 774 N.W.2d 527, 529 (Mich. Ct. App. 2009). When a statute provides a cause of action, the case must be brought within the terms of the statute to obtain recovery. *Finkelstein v. Dep't of Revenue*, 20 N.W.2d 154, 155 (Mich. 1945). Wrongful death actions in Michigan are governed by Mich. Comp. Laws § 600.2922—Michigan's wrongful death statute. The Act

requires a lawsuit to be brought by a personal representative of a decedent's estate. *Id.* at (2). In this case, Beth Chubb brought the action on behalf of the Estate after the Estate was closed. Because the Estate lacked the legal capacity to sue at that time, Beth Chubb was not qualified to maintain the wrongful death action under Michigan law.

Daimler then argues that because Plaintiffs could not bring the wrongful death claim, the district court was required to dismiss the case on the merits and with prejudice. But district courts enjoy substantial discretion to manage their dockets, *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999), and they may employ Rule 41 as a tool "to manage their dockets and avoid unnecessary burdens on both courts and opposing parties," *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (per curiam). A district court has "substantial discretion" in exercising this power. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll*, 176 F. 3d at 363).

Voluntary dismissals are governed by Rule 41(a), which in part (a)(2) states:

(2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

A district court has discretion to grant a dismissal under Rule 41(a)(2), which addresses protection of defendants from unfair treatment. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). To determine whether defendants would face unfair treatment, courts have considered such factors as: (1) the defendant's effort and expense in litigation; (2) excessive delay or lack of diligence from plaintiffs; (3) insufficient explanation for the dismissal request; and (4) whether the defendant filed a motion for summary judgment. *Id.* "Generally, an abuse of

discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)).

Daimler argues that the action must be dismissed with prejudice for failure to state a claim. With appropriate explanation, a district court is free to exercise its discretion to dismiss with or without prejudice and to determine the terms of its dismissal. *See Grover*, 33 F.3d at 718; *see also Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.,* 583 F.3d 948, 953-55 (6th Cir. 2009) ("A Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary . . . ."). At the court's direction, the Estate filed a voluntary motion to dismiss pursuant to Rule 41(a), requesting that the case be dismissed without prejudice because the Estate did not exist as a matter of law at the time of filing. The district court's dismissal order, however, did not address the Estate's request for voluntary dismissal under Rule 41(a)(2). Thus, the court must provide appropriate explanation for its dismissal.

## III.   CONCLUSION

For the reasons stated above, we **VACATE** the order and **REMAND** for the district court to address its order of dismissal under Rule 41.