**Barbara FISHER, Plaintiff–Appellant,**

v.

**PUERTO RICO MARINE
MANAGEMENT, INC.,
Defendant–Appellee.**

**No. 90–4049
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 9, 1991.

Courtney Johnson, Jacksonville, Fla., for plaintiff-appellant.

Michael J. Goldsberry, Gary Bubb, Toole, Bubb & Beale, P.A., Jacksonville, Fla., for defendant-appellee.

Before TJOFLAT, Chief Judge, KRAVITCH and EDMONDSON, Circuit Judges.

PER CURIAM:

A voluntary dismissal without prejudice is not a matter of right. *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir.1990); Fed.R.Civ.P. 41(a)(2). Although we have said that in most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice

other than the mere prospect of a second lawsuit, *see Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967), the decision whether or not to grant such a dismissal is within the sound discretion of the district court and reviewable only for abuse of discretion, *see LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir.1976). And, when exercising its discretion in considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants. *See id.*

■ In this case appellant, represented by counsel, filed her motion to dismiss voluntarily, and then her motion to amend, well over a month after the latest date on which she might have discovered the information that supported these motions after the pre-trial order was issued, and after appellee's trial brief was filed. Her motion sought to add not only new theories of recovery, but also a new party defendant. The trial court noted the time and expense already spent on discovery and trial preparation, and that additional and sometimes duplicative discovery would be necessary if appellant were allowed to proceed under her new theories. The court also was concerned that a dismissal might have a prejudicial impact upon the availability and recollection of witnesses. Having found dismissal would result in plain prejudice to defendant in several ways beyond the mere prospect of a second suit, the trial court did not abuse its broad discretion in denying appellant's motion for voluntary dismissal.

The district court also did not abuse its discretion in denying appellant's motion to amend. *See Nolin v. Douglas County*, 903 F.2d 1546 (11th Cir.1990); Fed.R.Civ.P. 15(a).

For these reasons, we AFFIRM the denials of appellant's motions to voluntarily

dismiss without prejudice and to amend her complaint.*

---

* We do not address the propriety of the district court's decision to award attorney's fees because that decision is not yet an appealable final order. *See Fort v. Roadway Express, Inc.*, 746 F.2d 744, 748 (11th Cir.1984) (order awarding attorney's fees is not final until amount to be awarded is also determined).