Earnest DOSTER, Jr., # 147436, Petitioner,

v.

Ron JONES, et al., Respondents.

No. Civ.A. 99–T–289–S.

United States District Court, M.D. Alabama, Southern Division.

July 13, 1999.

Earnest Doster, Springville, AL, Pro se.

James B. Prude, William H. Pryor, Jr., Office of the Attorney General, Montgomery, AL, for Defendants.

## MEMORANDUM OPINION

MYRON H. THOMPSON, District Judge.

Petitioner Earnest Doster, Jr., brought this lawsuit seeking issuance of a writ of habeas corpus pursuant to 28 U.S.C.A. § 2254. This cause is now before the court on the recommendation by the United States Magistrate Judge that Doster's motion for voluntary dismissal be denied. For reasons to follow, the court rejects the recommendation.

■ Rule 41(a)(2) of the Federal Rules of Civil Procedure provides:

"Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

The first issue for the court is whether Rule 41(a)(2) applies to habeas proceedings. Rule 11 of the Rules Governing Section 2254 Cases, 28 U.S.C.A. foll. § 2254, provides that, "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules." In accordance with this provision, numerous courts have granted voluntary dismissals pursuant to Rule 41(a)(2) in habeas cases under § 2254. *See, e.g., Clark v. Tansy,* 13 F.3d 1407, (10th Cir.1993); *Kramer v. Butler,* 845 F.2d 1291 (5th Cir.), *cert. denied,* 488 U.S. 865, 109 S.Ct. 168, 102 L.Ed.2d 138 (1988); *Richardson v. Miller,* 733 F.Supp. 78 (W.D.Mo.1990). This court therefore concludes that Rule 41(a)(2) applies to this habeas proceeding.

Although Rule 41(a)(2) appears to commit the matter of dismissal without prejudice to the sound discretion of the trial court, the Eleventh Circuit Court of Appeals has held that "in most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." *Fisher v. Puerto Rico Marine Management, Inc.,* 940 F.2d 1502, 1502–03 (11th Cir.1991).

However, the court in *Fisher* also emphasized that when considering a dismissal without prejudice, the trial court "should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants." * *Id.* at 1503. *See also LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976). Moreover, the court expanded the grounds that a trial court can consider in denying a plaintiff's, or, as in this case, petitioner's, motion for voluntary dismissal. Previously, this circuit required a defendant to show plain or clear "legal prejudice" to defeat a plaintiff's motion for voluntary dismissal. That is, the defendant had to demonstrate that he or she would lose a substantial right if dismissal were granted. *See, e.g., McCants v. Ford Motor Co.,* 781 F.2d 855, 857 (11th Cir.1986); *LeCompte,* 528 F.2d at 604; *Holiday Queen Land Corp. v. Baker,* 489 F.2d 1031, 1032 (5th Cir.1974) (per curiam); *Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir. 1967). But in *Fisher,* the Eleventh Circuit upheld a trial's court refusal to dismiss a cause of action without prejudice based merely on a showing of "plain prejudice" to the defendant. The trial court had found that the plaintiff's motion to dismiss, accompanied by a motion to amend and filed after the defendant's trial brief, was untimely; that the defendant had spent considerable time and expense on discovery and trial preparation; and that dismissal might prejudicially affect the availability and recollection of witnesses. The Eleventh Circuit concluded that these were sufficient grounds to deny the motion to dismiss. No showing of clear "legal prejudice" or legal harm was required.

---

* In the context of a petition for habeas corpus, of course, the rules applicable to defendants apply to the respondents, while the rules applicable to plaintiffs apply to the petitioner.

But even applying the less stringent standard of plain prejudice in this case, the respondents have failed to make such a showing. Unlike the motion in *Fisher,* here Doster's motion to dismiss was timely; it was filed only two months after he filed the initial habeas petition and less than a month after the respondents filed their answer. Doster explains that, because he is in disciplinary segregation, his access to the law library is extremely limited and he cannot work with the inmate who is assisting him with his petition.

Furthermore, although the respondents have spent time and incurred expense in preparing their answer, the litigation in this case is still at an early stage. This case has been pending for only two months and no extensive briefing or discovery has been done.

Finally, the respondents have provided no evidence that they "will suffer some plain prejudice other than the mere prospect of a second lawsuit." *Fisher,* 940 F.2d at 1503. The recommendation of the United States Magistrate Judge therefore should be rejected, and Doster's motion for voluntary dismissal granted. *See, e.g., Southern Christian Leadership Conference v. Siegelman,* 714 F.Supp. 511, 521–22 (M.D.Ala.1989) (Dubina, J.) (dismissing claims without prejudice under similar circumstances).

An appropriate judgment will be entered.

### JUDGMENT

In accordance with the memorandum opinion entered this date, it is the OR-DER, JUDGMENT, and DECREE of the court:

(1) The recommendation of the United States Magistrate Judge entered on May 26, 1999, is rejected.

(2) The motion for voluntary dismissal filed by petitioner Earnest Doster, Jr., on May 25, 1999, is granted.

(3) This cause is dismissed without prejudice.

It is further ORDERED that costs are taxed against petitioner Doster, for which execution may issue.