Carl S. BERRY, Plaintiff,

v.

GENERAL STAR NATIONAL INSURANCE COMPANY d/b/a General Star Indemnity Company, Defendants.

No. Civ.A. 99–A–412–S.

United States District Court,
M.D. Alabama,
Southern Division.

Feb. 14, 2000.

allegedly low amount of money owed by Bell-      South to Intermedia.

William H. Filmore, Ozark, AL, for plaintiff.

Stephen D. Christie, Birmingham, AL, for defendant.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on a Motion to Dismiss without prejudice (Doc. # 10) filed by the Plaintiff, Carl S. Berry, on December 15, 1999.

The Plaintiff originally filed this action for a Declaratory Judgment in the Circuit Court of Dale County, Alabama. The Plaintiff sought a declaration that the Defendant is required to defend and indemnify him in a separate lawsuit brought against the Plaintiff.

The case was removed by the Defendant to this court on April 29, 1999. The Defendant filed an Answer to the Complaint on June 16, 1999. The Plaintiff filed the instant Motion for Voluntary Dismissal on December 15, 1999. The Defendant subsequently filed a Motion for Summary Judgment on December 22, 1999.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED without prejudice.

### II. DISCUSSION

Under Federal Rule of Civil Procedure 41(a)(2), an action cannot be dismissed without prejudice upon motion of the plaintiff after the defendant has filed an answer in the case, except upon order of the court, and upon such terms and conditions as the court deems proper.

As the rule indicates, the Plaintiff's right to a voluntary dismissal without prejudice is not absolute, but is within the discretion of the trial court. See Fisher v. Puerto Rico Marine Management, Inc., 940 F.2d 1502, 1502 (11th Cir.1991). When considering a dismissal without prejudice, the court must keep in mind the interests of the defendant. Id. "[I]n most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." Id. at 1502–03; see also McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir.1986) ("[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit.").[1]

The Defendant contends that the case should be resolved on the merits by this court because the depositions of the Plaintiff and of another person have been completed and demonstrate that the Defendant is entitled to judgment in its favor. The Defendant argues that although the Plaintiff has pointed to the appeal of the underlying case as a reason for seeking voluntary dismissal, the Defendant is entitled to judgment regardless of how the issues being appealed in the underlying case are resolved.

Bearing in mind the admonition that motions for voluntary dismissal should be granted unless the Defendant will suffer plain prejudice, the court finds that the facts of this case support granting the Motion to Dismiss without prejudice. The Plaintiff's motion was filed relatively early in the proceedings, before any dispositive motion had been filed. In addition, merely because some limited discovery has been done in this case does not mean that the Defendant will suffer plain prejudice, especially when arguments and evidence sought to be presented by the Defendant in this case can be used by the Defendant if the case is again filed by the Plaintiff. See Der v. E.I. Dupont de Nemours & Co., 142 F.R.D. 344, 346 (M.D.Fla. 1992); see also Anderberg v. Masonite Corp.,

---

1. The standard articulated in Fisher of "plain prejudice" is arguably a lesser standard than the "clear legal prejudice" standard previously applied. See Doster v. Jones, 60 F.Supp.2d 1258 (M.D.Ala.1999). This court finds, however, that the Defendant will not suffer sufficient prejudice to require denial of the Motion to Dismiss even under the "plain prejudice" standard.

176 F.R.D. 682, 687 (N.D.Ga.1997) (noting that "if the evidence accumulated during discovery may be used in a subsequent lawsuit, then the fact that costs were incurred in conducting discovery will not in itself constitute plain prejudice.") As was earlier discussed, the prospect of a second lawsuit is not sufficiently prejudicial to justify denial of a voluntary motion to dismiss. *See Fisher,* 940 F.2d at 1502–03. Furthermore, although the Defendant argues that this case is now ripe for disposition on summary judgment, "a mere missed opportunity for a legal ruling is not sufficient to warrant the denial of a motion for voluntary dismissal." *Spencer v. Moore Business Forms, Inc.,* 87 F.R.D. 118, 119 (N.D.Ga.1980) (citation omitted). Accordingly, because the court finds that there is no plain prejudice to the Defendant, the Plaintiff's Motion to Dismiss without prejudice is due to be GRANTED.

### III. *CONCLUSION*

For the reasons discussed, the Plaintiff's Motion to Dismiss is due to be GRANTED and the Complaint is due to be dismissed without prejudice.