**SOBE NEWS, INC. d/b/a Ocean Drive Magazine, Plaintiff,**

v.

**OCEAN DRIVE FASHIONS, INC., et al., Defendants.**

No. 00–78–CIV.

United States District Court, S.D. Florida, Miami Division.

March 21, 2001.

Richard Stuart Ross, Fort Lauderdale, FL, Robert Jay Nemrow, John C. Hamilton, Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, Miami, FL, for plaintiff.

Robert Baldwin Brown, III, Kubicki Draper, John Cyril Malloy, Jr., John Cyril Malloy, III, Malloy & Malloy, Miami, FL, for defendants.

## *ORDER*

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Plaintiff's Motion for Order of Voluntary Dismissal (DE # 73).

UPON CONSIDERATION of the Motion, response, and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

Rule 41(a)(2) provides:

Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and *upon such terms and conditions as the court deems proper.*

Fed.R.Civ.P. 41(a)(2) (emphasis added). In most cases a voluntary dismissal should be granted unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit. *Fisher v. Puerto Rico Marine Management, Inc.,* 940 F.2d 1502, 1502–03 (11th Cir.1991) (*citing Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir.1967)). Nonetheless, the decision whether or not to grant such a dismissal is within the sound discretion of the district court. *Fisher,* 940 F.2d at 1503 (*citing LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976)). When exercising its discretion, the court "should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants." *Id.* The court should weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate. *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 857 (11th Cir.1986) (citations omitted).

In it motion, Plaintiff states as its sole purpose for seeking voluntary dismissal without prejudice that it is its "intention to dismiss this action and refile it alleging infringing conduct after the expiration of [Defendants'] insurance coverage." (Motion at 2). Plaintiff filed its Complaint in this matter on January 10, 2000. The parties have since engaged in extensive discovery and the matter has been set for trial. Defendants contend that they have "incur[red] costs and attorney['s] fees of approximately $75,000 to defend this action." (Response at 3). "A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." *McCants,* 781 F.2d at 860 (*citing LeCompte,* 528 F.2d at 603).

Weighing the interests of Defendants in light of their efforts and expenses incurred to date in preparation for trial, against Plaintiff's explanation for the need to take a dismissal, the Court concludes that Plaintiff's motion will be granted on condition that Defendants are reimbursed for their litigation-related expenses incurred in defending this suit, including reasonable attorney's fees.

Accordingly, it is ORDERED AND ADJUDGED as follows:

(1) Plaintiff's Motion for Order of Voluntary Dismissal (DE # 73) is GRANTED in part and DENIED in part.

(2) This action is DISMISSED without prejudice. This case is CLOSED. All pending motions not otherwise ruled upon are DENIED AS MOOT.

(3) Plaintiff shall reimburse Defendants for their litigation-related expenses incurred

in defending this cause, including reasonable attorney's fees. Defendants shall file supporting materials, including affidavits, and a proposed order setting forth the amount to be awarded in accordance with this Order.

(4) If Plaintiff deems the conditions imposed by the Court too burdensome, it shall move to withdraw its Motion for Order of Voluntary Dismissal and to vacate this Order within ten (10) days from the date of this Order.