[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 11, 2006
THOMAS K. KAHN
CLERK

----------------------------------------
No. 05-15852
Non-Argument Calendar
----------------------------------------

D.C. Docket  No. 03-00119-CV-HL-7

LAWRENCE MOSLEY,

                                        Plaintiff-Appellant,

PIEDMONT ENGINEERS OF
THE CAROLINAS, P.C.,

                                        Plaintiff,

                        versus

JLG INDUSTRIES, INC.,
RENTAL SERVICE CORPORATION,
NEFF RENTAL, INC.,

                                        Defendants-Appellees.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Georgia
----------------------------------------------------------------
**(July 11, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and BIRCH , Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Lawrence Mosley appeals the denial of his motion to dismiss his complaint voluntarily and the grant of Defendants-Appellees motions for summary judgment. No reversible error has been shown; we affirm.

This suit arises out of injuries Plaintiff claims he sustained while working on 16 September 2001, as a consequence of an alleged malfunction of a boom lift in which he was a passenger. Suit was filed on 15 September 2003,[1] just before the expiration of Georgia's statute of limitations. Plaintiff asserted that Defendant JLG Industries, Inc. manufactured the allegedly defective boom lift and that Defendants Rental Services Corp. and Neff Rental were the sellers or renters or both of the boom lift machinery. Plaintiff alleged strict liability and negligence counts.

After a protracted period of discovery, Defendants moved for summary judgment based on, among other things, Plaintiff's failure to identify the allegedly malfunctioning boom lift and Plaintiff's consequent inability to show a connection between the boom lift and the Defendants. Plaintiff moved for additional time to respond to Defendants's motions for summary judgment. In denying that motion, the district court chronicled Plaintiff's failure to gather evidence despite repeated

---

[1]Suit was filed in state court and removed to federal court on the basis of diversity jurisdiction.

2

extensions granted at Plaintiff's request. Plaintiff then filed a Motion to Dismiss

Without Prejudice under Fed.R.Civ.P. 41(a)(2). In that motion, Plaintiff conceded

that he could not survive Defendants's motions for summary judgment. The

district court denied Plaintiff's motion to dismiss and granted Defendants's

motions for summary judgment.

We review a district court's grant or denial of a motion to dismiss a

complaint without prejudice for abuse of discretion. Pontenberg v. Boston

Scientific Corp., 252 F.3d 1253, 1256 (11th Cir. 2001). The Federal Rules of Civil

Procedure require an order of the Court to effect a voluntary dismissal of a

complaint by a plaintiff when, as here, an adverse party has served an answer or a

motion for summary judgment. Fed.R.Civ.P. 41. About whether a motion to

dismiss should be granted, we have written these words:

> in most cases, a voluntary dismissal should be granted
> unless the defendant will suffer clear legal prejudice,
> other than the mere prospect of a subsequent lawsuit, as
> a result. The crucial question to be determined is, Would
> the defendant lose any substantial right by the dismissal.
> In exercising its broad discretion under Rule 41(a)(2),
> the district court must weigh the relevant equities and do
> justice between the parties in each case, imposing such
> costs and attaching such conditions to the dismissal as
> are deemed appropriate.

Id. at 1255-56 (citations, quotations, and emphasis omitted). A plaintiff enjoys no right to a voluntary dismissal without prejudice. Fisher v. P.R. Marine Mgmt., Inc., 940 F.2d 1502 (11th Cir. 1991). We have also said that a district court, when exercising its discretion "should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of the defendants." Id. at 1503.

In denying Plaintiff's Rule 41(a)(2) motion, the district court noted the time that had passed since the case was filed, the many motions filed, and the discovery produced. These factors supported the Defendants's claims that, in this case, considerable time had been expended and expenses incurred. The district court also noted the many extensions granted to Plaintiff for naught. The district court concluded that Plaintiff's motion to dismiss -- filed while Defendants's summary judgment motions were pending -- was "solely motivated to avoid an expected adverse ruling on Defendants' summary judgment motions." Based on these considerations and the late stage of the litigation, the district court found that Defendants would be prejudiced by a dismissal without prejudice.

On this record, we can not say the district court's decision constituted an abuse of discretion. As we have said, "[d]iscretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Betty K Agencies,

Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005) (internal quotation and citation omitted). No rule of law precluded denial of Plaintiff's Rule 41(a)(2) motion; the court's decision was within the zone of choice.

AFFIRMED.[2]

---

[2] We need not also review the grant of summary judgment against Plaintiff: Plaintiff conceded that he had insufficient evidence to survive Defendants's summary judgment motion.