**BOLDSTAR TECHNICAL, LLC, et al., Plaintiffs,**

v.

**HOME DEPOT U.S.A., INC., et al., Defendants.**

**Case No. 07–80435–CIV.**

United States District Court, S.D. Florida.

May 28, 2008.

Peter G. Herman, Esq., Alexander D. Brown, Esq., Tripp Scott, P.A., Fort Lauderdale, FL, for Plaintiffs.

John Cyrill Malloy, III, Andrew W. Ransom, Malloy & Malloy, P.A., Miami, FL, Kenneth Kula, Esq., B. Trent Webb, Esq., Shook, Hardy & Bacon LLP, Kansas City, MO, for Defendants.

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF BOLDSTAR TECHNICAL, LLC WITH PREJUDICE

DANIEL T.K. HURLEY, District Judge.

**THIS CAUSE** comes before the court upon defendants' motion to dismiss plaintiff Boldstar Technical, LLC from the suit with prejudice [DE # 96]. For the reasons given below, the court will giant defendants' motion.

The complaint in this case initially asserted claims of patent infringement, tortious interference, fraud, and civil conspiracy. *See* DE # 1. Plaintiffs voluntarily dismissed the civil conspiracy claims, *see* DE # 22, and on October 3, 2007, 517 F.Supp.2d 1283, the court dismissed the tortious interference and fraud claims. *See* DE # 32. Thus only the patent infringement claim (and defendants' infringement-related counterclaims) remain.

■ The patent-in-suit is U.S. Patent No. 7,044,039, and plaintiff Powell is the patentee. Both parties agree that plaintiff Boldstar Technical. LLC has no interest in the '039 patent at all, whether as an assignee, a licensee, or in any other capacity *See* Defs. Mot. Ex. C ¶ 2. On that ground, defendants move for dismissal of Boldstar for lack of standing.

■ Because Article III of the United States Constitution limits the federal courts to the determination of "cases" and "controversies," *see* U.S. Const. art. III, sec. 2, cl. 1, standing to sue is an essential requirement for the prosecution of any federal action, including a patent infringement claim. *See, e.g.*, *Morrow v. Microsoft*

*Corp.*, 499 F.3d 1332, 1338–1341 (Fed.Cir. 2007); *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1339–44 (Fed. Cir.2006). The requirement is reflected in the Patent Act, which provides that "[a] patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281. The term "patentee" is defined by statute to include "successors in title to the patentee," 35 U.S.C. § 100(d), but the definition does not encompass strangers to the patent, or non-exclusive licensees. *Sicom Systems, Ltd. v. Agilent Technologies, Inc.*, 427 F.3d 971, 976 (Fed.Cir.2005).

The Federal Circuit has said that plaintiffs holding "less than all substantial rights to the patent and [who] lack exclusionary rights under the patent statutes" lack constitutional standing to sue, because they are "not injured by a party that makes, uses, or sells the patented invention" *Morrow*, 499 F.3d at 1340–41. As noted above, the parties agree that plaintiff Boldstar has no rights in the '039 patent. The parties thus agree that Boldstar lacks standing to sue and should be dismissed.

The disagreement centers on whether Boldstar should be dismissed with or without prejudice. Plaintiffs argue that the dismissal should be without prejudice, because a decision that a plaintiff lacks standing to sue "is not a decision on the merits." *Procter & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F.Supp. 305, 311 (D.Del.1995). Defendants respond that the dismissal must be with prejudice, lest plaintiffs be given an undeserved second opportunity to later litigate the same issues to be resolved in the instant lawsuit.

■ To determine whether a dismissal should be with or without prejudice, the Federal Circuit applies the law of the pertinent regional circuit. *See H.R. Technologies, Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1384 (Fed.Cir.2002). In the context

of voluntary dismissals pursuant to Fed. R.Civ.P. 41(a)(2), the Eleventh Circuit has said that the district court had broad discretion to weigh the relevant equities and do justice between the parties in each case. *See Mosley v. JLG Industries, Inc.,* 189 Fed.Appx. 874, 875 (11th Cir.2006) (citing *Pontenberg v. Boston Scientific Corp.,* 252 F.3d 1253, 1255–56 (11th Cir.2001)). Although a voluntary dismissal without prejudice should normally be allowed unless the defendant will suffer some plain prejudice other than a second lawsuit, such a dismissal is not a matter of right, and the court must keep in mind the interests of the defendant. *See Fisher v. Puerto Rico Marine Management, Inc.,* 940 F.2d 1502, 1502 (11th Cir.1991).

Plaintiffs argue that a second lawsuit is the only possible harm that defendants would suffer from a dismissal without prejudice in this case, and thus dismissal without prejudice is appropriate. Yet plaintiffs read too much into cases like *Fisher,* which dealt with voluntary dismissals, rather than dismissals on motion of the defendant. A plaintiff often seeks to voluntarily dismiss a claim fairly early in the litigation, before the parties on either side have expended significant resources. In those circumstances, a "second lawsuit" is not unduly burdensome on the defendant, simply because the first lawsuit typically has been cut short by the voluntary dismissal. By contrast, the instant suit has been pending for over a year. It has been litigated aggressively and at times contentiously. Both parties have invested substantial resources in its resolution. The court can see no reason why this suit should be only the first of many, all involving the same legal and factual issues.

Moreover, in the typical voluntary-dismissal scenario involving a single plaintiff, the claims must be dismissed without prejudice if they are ever to be resolved on their merits. But in the instant case, plaintiff Powell will remain after Boldstar's dismissal, and is fully willing and able to effectively prosecute the infringement claim. Thus, no purpose would be served by allowing Boldstar to litigate the very same alleged infringement by the very same defendants at some later date.

Finally, the case cited by plaintiffs, *Procter & Gamble Co. v. Paragon Trade Brands, Inc.,* 917 F.Supp. 305 (D.Del. 1995), is inapt. In that case, the party asserting an infringement counterclaim concededly had standing to sue by the time the court considered the issue, but not at the time the claim was pled. *Id.* at 309. The counter claimant had been assigned both the patent and the right to recover for past infringement, and had not yet sought to amend its counterclaim to properly plead jurisdictional facts. *Id.* at 311. The court in *Paragon Trade Brands* thus dismissed the counterclaim without prejudice. *Id.* at 313.

Unlike the counterclaimant in *Paragon Trade Brands,* Boldstar does not currently have any interest in the patent-in-suit, let alone the exclusive interest necessary to support standing to sue. Further, and also unlike *Paragon Trade Brands,* the party with standing to sue remains in the lawsuit and can effectively prosecute the infringement claim. Thus the court finds *Paragon Trade Brands* distinguishable from the current case.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendant's motion to dismiss [DE # 96] is **GRANTED.**

2. Plaintiff Boldstar Technical, LLC is **DISMISSED WITH PREJUDICE.**