STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. CV-12-65
                                                  RAC-CUM - 5/6/2013

STEPHANIE FERRANTE,
        Plaintiff

                        STATE OF MAINE              ORDER ON
                 Cumberland. ss. Clerk's Office     MOTION TO DISMISS

v.                            MAY 03 2013

                          RECEIVED
MAS MEDICAL STAFFING,
        Defendant

Before the Court is Defendant MAS Medical Staffing's motion to dismiss the

complaint against it filed by Plaintiff Stephanie Ferrante.

BACKGROUND

In her complaint, Plaintiff Stephanie Ferrante alleges that she was sexually

harassed by a female supervisor while she was working at Defendant MAS Medical

Staffing. Plaintiff eventually filed a complaint with the EEOC, and she alleges that her

employer retaliated against her by needlessly criticizing her, isolating her from her co-

workers, and taking away job responsibilities. She alleges that the retaliation led to her

"constructive discharge" in December 2011.

The complaint asserts: "Plaintiff has complied with all administrative

requirements and has received a right to sue letter from the EEOC." (Compl. ¶ 17.)

Count I alleges sex discrimination under the Maine Human Rights Act, as the conduct

alleged created a "hostile sexual environment for the Plaintiff." (Compl. ¶ 18-22.) Count

1

II alleges retaliation under the MHRA. (Compl. ¶¶ 23-27.) Lastly, Count III asserts an independent claim for "constructive discharge." (Compl. ¶¶ 28-31.)

DISCUSSION

Defendant alleges that Counts I and II, both brought under the MHRA, should be dismissed due to Plaintiff's failure to comply with 5 M.R.S.A. § 4622. That section provides: "Attorney's fees . . . and civil penal damages or compensatory and punitive damages may not be awarded to a plaintiff in a civil action under this Act unless the plaintiff alleges[1] and establishes that, prior to the filing of the civil action, the plaintiff first filed a complaint with the commission," and the Commission took one of several enumerated actions, including dismissal. 5 M.R.S.A. § 4622(1). Thus, § 4622 has two separate requirements before a plaintiff may file suit in Superior Court: First, the plaintiff must file a complaint with the MHRC. Second, the plaintiff must wait until the MHRC takes action on the complaint.

Pursuant to § 4622, the Law Court has held that a litigant's failure to file a claim with the MHRC prior to bringing a civil action bars recovery of attorney's fees and damages. *Gordan v. Cummings*, 2000 ME 68, ¶ 11, 756 A.2d 942. *See also Schoendorf v. RTH Mech. Contractors, Inc.*, 2012 U.S. Dist. LEXIS 109541 (D. Me. 2012). The Law Court noted that the plaintiff could technically still obtain a judgment, but the claim was moot because there was no remedy. *Gordan*, 2000 ME 68, ¶ 11, 756 A.2d 942.

---

[1] As to whether Plaintiff properly *alleged* that she complied with the MHRA requirements, the complaint does not specifically mention the MHRA, but states generally: "Plaintiff has complied with all administrative requirements" and received a right to sue letter from the EEOC. The First Circuit suggested that the § 4622 requirement is a condition precedent, and, as such, "it is sufficient to aver generally that all conditions precedent have been performed." *Walton v. Nalco Chem. Co.*, 272 F.3d 13, 21 (1st Cir. 2001) (quoting Fed. R. Civ. P. 9(c), which is analogous to M.R. Civ. P. 9(c)). Thus, Plaintiff's complaint sufficiently alleges compliance with § 4622.

2

The issue is whether Plaintiff properly complied with § 4622 before filing her complaint here. In opposing the motion to dismiss, Plaintiff provided documentation showing that Plaintiff filed a complaint with the MHRC on July 27, 2011, and the Commission administratively dismissed the case on March 16, 2012. Plaintiff filed her complaint on February 2, 2012. Based on the plain language of the statute, Plaintiff failed to abide by the second part of § 4622 by filing her complaint with this Court before the MHRC dismissed her complaint. Thus, the Court dismisses the complaint.

However, the Court dismisses the complaint without prejudice because Defendant will not suffer plain legal prejudice. Courts may consider a range of factors in determining whether a litigant has suffered plain legal prejudice. *See Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000) ("[T]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.").

Although Defendant has expended effort and expense in preparation for trial and has filed a motion for summary judgment, these considerations are less compelling because Defendant can use the same work product when Plaintiff re-files the complaint. *See, e.g., Puerto Rico Mar. Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981) (discovery not wasted when it related to separate, pending suit); *Berry v. Gen. Star Nat'l Ins. Co.*, 190 F.R.D. 697, 698 (M.D. Ala. 2000) (no prejudice when arguments and evidence generated by defendant could be used if plaintiff re-filed the case).

Furthermore, the Court may impose conditions on dismissing without prejudice as a means to protect the Defendant. *Bath Iron Works Corp. v. Parmatic Filter Corp.*, 736

3

F. Supp. 1175, 1178 (D. Me. 1990). Thus, the Court imposes the following terms and conditions to limit prejudice to Defendant: Plaintiff has 20 days from the date of this order to file a new complaint; if she does not, this complaint is dismissed with prejudice. The new complaint may not add new claims or facts, except those necessary to demonstrate compliance with the MHRA. Plaintiff may use only existing discovery, unless a court order is obtained. Plaintiff must reimburse Defendant for any necessary, duplicative costs in the subsequent litigation, including the summary judgment fee.

The entry will be:

    The Court dismisses Plaintiff's complaint without prejudice.

_May 6, 2013_
DATE

_____
SUPERIOR COURT JUSTICE

4

------------------------------------------------------------------------------

| 01 0000007387 | BROOKS, ROBERT C | | | |
|---|---|---|---|---|
| ONE PORTLAND SQUARE PO BOX 586 PORTLAND ME 04112-0586 | | | | |
| F | MAS MEDICAL STAFFING | DEF | RTND | 04/23/2012 |

| 02 0000009294 | LORANGER, GUY D | | | |
|---|---|---|---|---|
| ONE GRANNY SMITH COURT SUITE 3 OLD ORCHARD BEACH ME 04064 | | | | |
| F | STEPHANIE M FERRANTE | PL | RTND | 02/02/2012 |