**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0290n.06

**No. 18-3747**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>JAMES WALTHER,</td><td>)</td><td rowspan="11"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td style="text-align:center">Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>FLORIDA TILE, INC.,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td style="text-align:center">Defendant-Appellant.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

FILED
Jun 06, 2019
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

BEFORE:    CLAY and STRANCH, Circuit Judges; PEARSON, District Judge.[*]

**BENITA Y. PEARSON, District Judge.**  Defendant Florida Tile, Inc. argues the district court abused its discretion by granting Plaintiff James Walther's motion to voluntarily dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2) without prejudice and without imposing any conditions on the dismissal.  For the reasons below, we **AFFIRM** the district court's order.

**I.  BACKGROUND**

Florida Tile employed Walther for nearly 26 years, from 1991 until his termination on April 7, 2017.  Two months prior to his termination, Walther's supervisor, Jason Tackett, called him into a meeting.  Walther secretly recorded the conversation.  Walther claims that, during the meeting, Tackett presented him with a Hobson's choice: resign now, so that Florida Tile would

---

[*]The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

not have to pay Walther unemployment benefits, or face a pretextual termination. Florida Tile disputes the veracity of Walther's recounting of the meeting and claims Walther altered the recording.

When Walther reported his meeting with Tackett to Florida Tile's Human Resources Department, he did not disclose to Human Resources that he had recorded the conversation. A month later, Walther reported the incident to the Montgomery County Sheriff's Department and the Miami Township Police Department. Again, he did not disclose that he had recorded the conversation.

Florida Tile terminated Walther from employment two months after his meeting with Tackett. Florida Tile claims Walther was terminated due to "ongoing poor sales, poor job performance, and failure to meet expectations in his performance improvement plan." (**Appellant's Brief at 3**).

Walther filed suit in the Montgomery County, Ohio Court of Common Pleas, claiming retaliatory discharge from employment in violation of Ohio Rev. Code § 4113.52. Walther alleged entitlement to multiple remedies, including compensatory damages, consequential damages, punitive damages, and attorneys' fees and costs.

Following removal to federal court, Walther filed a Motion for Temporary Restraining Order and Preliminary Injunction against Florida Tile. Walther claimed Tackett called Walther's new employer approximately one month after Walther filed his complaint in state court, and attempted to call Walther's prospective employers on at least four other occasions. He accordingly requested an order requiring Florida Tile to refrain from interfering with Walther's employment. The district court, finding that Walther failed to show a likelihood of irreparable harm in the

absence of an injunction, denied the motion for temporary restraining order and vacated the hearing on the motion for preliminary injunction.

After a failed attempt at mediation, the parties agreed to suspend discovery while continuing to engage in settlement discussions. The parties had engaged in limited discovery prior to mediation.[1]

Two weeks after the unsuccessful mediation, Walther provided Florida Tile with a proposed amended complaint containing new causes of action and requested Florida Tile's consent for leave to file the amended complaint. Florida Tile refused.

The following week, Florida Tile produced Tackett's personnel file and Walther produced his police report. Walther alleges that, upon reviewing Tackett's personnel file, Walther ascertained the need to add Tackett as a defendant and to add new claims. Because Tackett was a citizen of Ohio, joining him as a defendant would have destroyed diversity of citizenship. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806).

Two days later, Walther requested that Florida Tile stipulate to Walther's voluntary dismissal of his claims without prejudice. Florida Tile refused.

Within five days, however, Florida Tile submitted to Walther an Offer of Judgment under Fed. R. Civ. P. 68, offering reinstatement, $105,000 in back pay plus interest, and attorneys' fees and costs up to the date of the offer. Walther rejected the offer and claims to have done so because it precluded him from pursuing additional claims against Florida Tile and Tackett, and Walther did not want to be reinstated as a Florida Tile employee.

The following week, but five months after the time to do so had passed, Florida Tile filed a Motion for Partial Judgment on the Pleadings under Fed. R. Civ. P 12(c), arguing Ohio Rev.

---

[1] Only Tackett and Walther were deposed.

Code § 4113.52 did not permit Walther to collect for compensatory damages, emotional distress damages, consequential damages, punitive damages, or any other monetary damages other than back wages or fringe benefits as referenced by the statute.  Florida Tile also filed a motion requesting "retroactive approval of leave for Defendant's April 13, 2018 filing of its Motion for Partial Judgment on the Pleadings."  (**R.35, Florida Tile's Motion for *Instanter* Leave to File 12(c) Motion, PageID # 311**).

A week later, Walther filed motions to voluntarily dismiss without prejudice and stay Florida Tile's partial motion to dismiss.  Soon thereafter, Walther filed a second motion to stay.

In support of his motion to voluntarily dismiss without prejudice, Walther argued dismissal without prejudice was proper because the factors set forth in *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) support dismissal under Fed. R. Civ. P. 41(a)(2).  In opposition, Florida Tile argued Walther was not entitled to dismissal without prejudice because Walther had not acted diligently in litigating the case, no good reason existed to warrant dismissal without prejudice, Walther was attempting to "wipe the slate clean and start all over" to avoid an adverse result, and substantial discovery had taken place.  (**R.33, Opposition to Walther's Motion to Voluntarily Dismiss, PageID # 261**).  In the alternative, Florida Tile argued Walther should be required to pay Florida Tile attorneys' fees and costs not directly reusable in subsequent litigation and return Florida Tile's confidential documents as conditions of dismissal without prejudice.

The district court, after referring the matter to a magistrate judge, overruled Florida Tile's objections and adopted the magistrate judge's Report and Recommendation in its entirety.  In doing so, the Court granted Walther's motion to voluntarily dismiss without prejudice, stating:

> Defendant argues that it would suffer unfair treatment and legal prejudice if the Court were to permit Plaintiff to voluntarily dismiss this lawsuit. Defendant refers to the information contained in its Opposition (Doc. 33) to Plaintiff's Motion to Voluntarily Dismiss with Prejudice and, indeed, its argument is very much a

> repetition of the arguments contained therein. The Court, however, agrees with Magistrate Judge Ovington's analysis of those arguments in her Report [finding the *Grover* factors to support Walther's motion]. Moreover, some of the arguments in Defendant's Objections do not describe prejudice that would be caused by dismissal of this lawsuit, but prejudice that Defendant claims to have already suffered due to Plaintiff's alleged litigation tactics. Even accepting these allegations as true, this prejudice has already occurred. It cannot be avoided, *ex post facto*, by denying Plaintiff's motion to voluntarily dismiss this case. As Magistrate Judge Ovington noted, despite the age of this case, the parties have not progressed very far. Discovery has not been completed and Defendant has even requested leave to file a motion directed at the pleadings. The small delay in litigating this lawsuit caused by its dismissal from this Court and its resumption in another forum will not materially increase the significant amount of work already remaining in this case.

(**R.42, District Court Order, PageID # 436-37**).  The district court also ruled that the return of

Florida Tile's documents would be unnecessary and counterproductive because of their relevance

to the lawsuit. It stated:

> Defendant argues that the [magistrate judge's] Report fails to specifically address the return of its documents. It is fair to surmise from the Report, however, that Magistrate Judge Ovington considered the return of Defendant's documents unnecessary and even counter-productive because they are likely to be relevant to Plaintiff's subsequent lawsuit. If Defendant wanted to condition its provision of certain documents to Plaintiff on their return to Defendant at the termination of this lawsuit, it could have asked Plaintiff to enter into a protective order to that effect. The parties apparently did not do so. In the absence of such an agreement, the Court sees no reason to order it here and thereby inhibit "the just, speedy and inexpensive" resolution of the parties' dispute. Fed. R. Civ. P. 1.

(*Id.* **at PageID # 437-38**).

Shortly after dismissal, Walther filed suit in the Montgomery County Court of Common

Pleas against Florida Tile and Jason Tackett.  Walther reintroduced his retaliation claim against

Florida Tile under Ohio Rev. Code § 4113.52, added a claim for wrongful discharge in violation

of public policy against Florida Tile, and raised claims for intentional infliction of emotional

distress and slander against Tackett.

Florida Tile filed a Notice of Appeal appealing the district court's order.

## II. ANALYSIS

Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a). After service of an answer or summary judgment motion, and if no stipulation of dismissal is obtained, an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper. Fed. R. Civ. P. 41(a)(2). A district court's decision on a Rule 41(a)(2) motion is reviewed for abuse of discretion. *E.g.*, *Booth Family Tr. v. Jeffries*, 640 F.3d 134, 141 (6th Cir. 2011); *Duffy v. Ford Motor Co.*, 218 F.3d 623, 629 (6th Cir. 2000) (applying abuse of discretion standard in reviewing the imposition of conditions upon a voluntary dismissal). "It is an abuse of discretion for the district court to rely on erroneous findings of fact, apply the wrong legal standard, misapply the correct legal standard, or make a clear error in judgment." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) ("*Bridgeport II*").

### A. Whether the District Court Abused Its Discretion in Granting Walther's Motion to Voluntarily Dismiss Without Prejudice.

Whether voluntary dismissal should be granted under Rule 41(a)(2) is within the sound discretion of the district court. *Grover*, 33 F.3d at 718. The primary purpose of Rule 41(a)(2)'s requirement of a court order is to protect the nonmovant from unfair treatment. *Id.* "[A]n abuse of discretion is found only where the defendant would suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citation and internal quotation marks omitted).

In determining whether a defendant will suffer plain legal prejudice, this court considers "such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for

the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* Other circuits analyze the same or similar factors in determining legal prejudice. *See, e.g.*, *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005); *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998); *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986). The *Grover* factors are neither exhaustive nor conclusive. *See Malibu Media, LLC v. Ricupero*, 705 F. App'x 402, 407 (6th Cir. 2017) ("These factors are only a guide, however, and the trial judge ultimately retains discretion to grant the motion to dismiss.").

### 1. The District Court Properly Applied the *Grover* Factors.

#### a. Excessive Delay or Lack of Diligence

Florida Tile takes issue with Walther having waited until April 2018—well after the November 13, 2017 cutoff set by the district court—to seek dismissal without prejudice. Florida Tile contends the district court erred by finding that the record does not indicate Walther caused excessive delay or was indiligent in prosecuting his case. According to Florida Tile, Walther provided no good explanation for why he litigated the case for as long as he did (approximately nine months) before seeking voluntary dismissal, or why Walther did not seek a "less drastic alternative[], such as an extension of the trial calendar." (**Appellant's Brief at 17**). Florida Tile argues this necessarily shows excessive delay caused by Walther's lack of diligence, resulting in unfair prejudice to Florida Tile.

A review of the record yields no evidence supporting Florida Tile's allegations of excessive delay and lack of diligence. As the district court found, any delay in the litigation process could reasonably be attributed to the parties' suspension of discovery during ongoing settlement discussions, including mediation. Walther's stated reason for seeking voluntary dismissal was that Tackett's personnel file, which Walther obtained from Florida Tile on April 2, 2018, warranted

substantial new claims. The record supports this. Walther could not have amended his complaint to include his new claims prior to April 2, 2018, the date on which Florida Tile produced Tackett's personnel file. Nor would extending the trial calendar have been of much use to Walther. Tackett, an Ohio citizen, could not be joined in the underlying action without destroying diversity of citizenship.

Though Florida Tile contends Walther must have known of any viable claims against Tackett in early 2017, it provides no support for this assertion. In the absence of a showing of a clear error in judgment or other substantial mistake, we conclude that the district court did not abuse its discretion in accepting Walther's explanation for dismissal. *See Bridgeport II*, 583 F.3d at 955 (no abuse of discretion when district court accepted plaintiffs' cost-benefit analysis as a reasonable explanation for seeking dismissal); s*ee also Malibu Media, LLC*, 705 F. App'x at 408 (no abuse of discretion when district court accepted Malibu Media's "scant" explanation that its discovery of Ricupero's limited resources did not justify continuing litigation, and Ricupero failed to show how his financial situation "should have been obvious from the outset").

### b.  Rule 12(c) Motion as Analogous to Summary Judgment Motion

Florida Tile claims the district court erred by not considering the effects of its pending Rule 12(c) motion when the dismissal was granted. This argument is belied by the record below. The district court's ruling states "despite the age of this case, the parties have not progressed very far" and that Florida Tile's Rule 12(c) motion, like its other work product, could be used in any subsequent case brought by Walther. (**R.42, District Court Order, PageID # 437**).

"The *Grover* factors are not an exclusive or mandatory list" that must be robotically followed. *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007) Whether a dispositive motion is pending is merely a relevant factor under *Grover*;  it is not

dispositive.[2] *Id.* at 500–02 (no abuse of discretion when district court granted motion to dismiss without prejudice despite pending summary judgment motion); *see also Malibu Media, LLC*, 705 F. App'x at 409 ("The existence of a pending motion for summary judgment is not dispositive."). It suffices that the trial court considered the posture of the case and decided it was suited to dismissal.

Accordingly, we find that the district court did not abuse its discretion by granting Walther's Rule 41(a)(2) motion during the pendency of Florida Tile's Rule 12(c) motion.

### c. Vexatiousness or Bad Faith

Florida Tile alleges the district court failed to consider Walther's vexatious behavior in granting Walther's voluntary dismissal without prejudice. In support, Florida Tile alleges: Walther withheld his recording of his meeting with Tackett from Florida Tile's Human Resources department and local law enforcement authorities; initiated a fraudulent proceeding for preliminary injunction; submitted a false affidavit to the district court; used an altered recording of his meeting with Tackett at Tackett's deposition; refused to accept Florida Tile's Rule 68 Offer of Judgment; and retained possession of Florida Tile's property and documents.

In rejecting those arguments, the district court concluded that the "record fails to indicate that Plaintiff brought this case vexatiously or in bad faith. Instead, the record reflects a *bona fide* effort by Plaintiff to seek redress for what he claims was the termination of his employment in violation of Ohio Rev. Code § 4113.52." (**R.42, District Court Order, PageID # 437 (quoting R.39, Report and Recommendation, PageID # 407**)). Florida Tile presents nothing new on

---

[2] Florida Tile believes its Rule 12(c) motion, in conjunction with its Rule 68 Offer of Judgment, would have resulted in Walther's entire case being mooted. This court has yet to rule whether motions for judgment on the pleadings are analogous to motions for summary judgment as referenced in the *Grover* factors. We need not decide this issue or analyze each factor to resolve this appeal.

appeal to upend this finding. The district court considered Walther's behavior and found nothing in the record indicating he engaged in vexatious conduct in litigating his claim. Nor is there anything in the record suggesting the district court made an error in judgment. Florida Tile's assertions lack record support and do not support a finding of abuse of discretion.

> **2. Florida Tile has not otherwise shown the district court erred in finding no plain legal prejudice.**

Though not expressly stated, Florida Tile appears to argue that, because other courts have denied motions to dismiss under similar circumstances, the district court abused its discretion by not following this non-binding precedent. None of the cases relied on by Florida Tile are procedurally similar. *See Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502 (11th Cir. 1991) (affirming district court's denial of a Rule 41(a)(2) motion under abuse of discretion standard and noting the Rule 41(a)(2) motion was filed after the trial brief was filed); *Soul Circuses, Inc. v. Trevanna Entm't, Inc.*, 249 F.R.D. 109 (S.D.N.Y. 2008) (denying Rule 41(a)(2) motion after finding that dismissal without prejudice, rather than with prejudice, would serve "little to no purpose" given plaintiff's stated reason for this request); *Spencer v. Moore Bus. Forms, Inc.*, 87 F.R.D. 118 (N.D. Ga. 1980) (denying Rule 41(a)(2) motion filed long after expiry of discovery and after dismissal of numerous claims on summary judgment). Florida Tile must show the district court abused its discretion in granting Walther's Rule 41(a)(2) motion. That other courts have denied Rule 41(a)(2) motions under dissimilar circumstances does not show the district court abused its discretion in granting Walther's motion.

The district court emphasized that discovery has not been completed, the case was not close to the start of trial, much of the work done thus far by Florida Tile's counsel, including the Rule 12(c) motion, could be reused, and Florida Tile would not be stripped of a legal defense. That

Florida Tile and its employee Tackett are now faced with a second lawsuit with new claims does not show plain legal prejudice. *See Grover*, 33 F.3d at 718.

The district court did not abuse its discretion in granting Walther's Rule 41(a)(2) motion to voluntarily dismiss without prejudice.

**B. Whether the District Court Abused Its Discretion by Failing to Impose Conditions on Walther's Dismissal.**

Fed. R. Civ. P. 41(a)(2) is a "discretionary procedural rule that explicitly allows a district court to impose terms and conditions upon a voluntary dismissal as the court deems proper." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 481 F.3d 926, 931 (6th Cir. 2007) ("*Bridgeport I*") (citation and internal quotation marks omitted). Conditions may be imposed on a voluntary dismissal to alleviate the harm caused to the defendant by the dismissal. *Bridgeport II*, 583 F.3d at 954.

**1. The District Court Did Not Abuse Its Discretion in Granting Walther Dismissal Without Awarding Defense Costs and Fees.**

Though defense costs are frequently awarded as a condition of a grant of voluntary dismissal, such costs are not mandatory. *DWG Corp. v. Granada Invs., Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992).[3] Relevant factors in evaluating whether to award attorney's fees and costs include "whether the plaintiff acted in good faith in bringing the action, extensive discovery costs were involved, and extraordinary expenses were incurred in defending the action." *Malibu Media LLC*, 705 F. App'x at 410.

---

[3] For instance, when "a plaintiff seeks voluntary dismissal in one forum to pursue pending litigation against the defendant in another forum, the defendant is not entitled to reimbursement for expenses incurred in preparing work product that has been or will be useful in the continuing litigation." *McLaughlin v. Cheshire*, 676 F.2d 855, 857 (D.C. Cir. 1982); *accord Spar Gas, Inc. v. AP Propane, Inc.*, 972 F.2d 348, at *2 (6th Cir. July 22, 1992) (Table) (collecting cases).

Florida Tile claims the district court erred by finding that Florida Tile could use its work product in this case—such as its Rule 12(c) motion—in any subsequent case brought by Walther. Florida Tile argues this overlooks the fact that Florida Tile cannot reuse its work in opposing Walther's Motion for Temporary Restraining Order and Preliminary Injunction. Florida Tile also avers that the district court's finding that the parties have not progressed very far in the case was in error, claiming that the matter "has had an extensive and complex procedural history, requiring substantial time and expense." (**Appellant's Brief at 33**).

Neither argument amounts to a showing of error. The district court opined that Florida Tile could use its work product in subsequent litigation, not that *all* of Florida Tile's work product would be reusable in the second case. Moreover, although a defendant may be awarded reimbursement for work product that is reusable in subsequent litigation, it does not follow that a defendant must receive reimbursement for work product that is not reusable. Finally, Florida Tile's claim of the matter's "extensive and complex procedural history" is overblown. The parties engaged in limited discovery and non-dispositive motion practice prior to Walther's Rule 41(a)(2) motion. That can hardly be characterized as "extensive and complex."

The district court found that both parties incurred similar costs through discovery, none of Florida Tile's defense costs were extraordinary, the matter was not brought in bad faith,[4] and Walther's case against Florida Tile "can simply start where this case left off." (**R.39, Report and Recommendation, PageID # 408**). It appropriately concluded that imposing attorney's fees and

---

[4] Florida Tile claims that Walther's Motion for Temporary Restraining Order and Preliminary Injunction was frivolous and supported by a fraudulent affidavit. The district court considered and rejected this argument, and Florida Tile fails to show how the district court erred in its finding. Notably, although Walther did not prevail in his motion, Florida Tile did not move for sanctions.

costs as a condition of dismissal was unwarranted. The district court's reasoning is within its discretion.

Because Florida Tile fails to show how the district court erred in making these findings, we find that the district court did not abuse its discretion by not imposing defense costs and fees upon dismissing the matter without prejudice.

**2. The District Court Did Not Abuse Its Discretion in Granting Walther's Motion Without Requiring the Return of Florida Tile's Business Documents.**

As indicated above, we find no abuse of discretion in the district court's granting of Walther's Rule 41(a)(2) motion without requiring the return of Florida Tile's business documents. The district court ruled that ordering the return of Florida Tile's business documents would be "unnecessary and counterproductive because they are likely to be relevant to [Walther's] subsequent lawsuit." (**R.42, District Court Order, PageID # 437-38**).

Florida Tile contends the district court's finding was premised on the erroneous understanding that all the documents at issue were produced during discovery, when in fact, Walther had retained thousands of Florida Tile's business documents after the conclusion of his employment.

This argument misses the mark. Florida Tile acknowledges that "[a] [c]ourt's discretion is broad regarding conditions for dismissal" (**Appellant's Brief at 28** (citing *Eaddy v. Little*, 234 F. Supp. 377 (E.D.S.C. 1964)), and Florida Tile cites no case law to support its argument that the district court abused this broad discretion in not requiring the return of these documents. In declining to impose conditions on Walther, including ordering the return of business documents, the district court acted purposefully—aiming to preserve the *status quo* between the parties. The district court judiciously reasoned that the business documents were "likely to be relevant to [Walther]'s subsequent lawsuit." (**R.42, District Court Order, PageID # 437-38**).

Further, Walther's retention of Florida Tile's business documents after the conclusion of his employment is not harm caused to the defendant resulting from the granting of the motion to dismiss. The granting of Walther's motion to dismiss without prejudice did not extinguish Florida Tile's ability to attempt recovery of its business documents. Florida Tile could have brought a new lawsuit in state court against Walther to challenge the propriety of Walther's possession of its business documents. Alternatively, Florida Tile could have brought a counterclaim against Walther in the subsequent lawsuit.

The district court acted within its discretion by concluding that conditioning dismissal without prejudice on the return of Florida Tile's business documents was unwarranted.

## III. CONCLUSION

For the reasons set forth above, we **AFFIRM** the district court's order granting Walther's motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2) without prejudice and without imposing conditions on the dismissal.